ROBERT TUSTING v. CITY OF ASBURY PARK.

Submitted July 7, 1905—Decided November 13, 1905.

1. When a landowner has notice of the proceedings for making a street improvement in front of his property, for which the law authorizes an assessment thereon to be levied, and refrains from applying for a writ of *certiorari* to review the proceedings until the improvement is completed and an assessment levied, he will be allowed to question on *certiorari* only the legality of the assessment.

2. Under clause III. of section 48 of the City act of March 24th, 1897 (*Pamph. L., p.* 46), the common council of the city may make the assessment there authorized.

3. A *certiorari* to review such an assessment, allowed after sixty days from the confirmation of the assessment had elapsed, should be dismissed under section 65 of said act.

---

On *certiorari* to remove assessment.

Before Justices DIXON and SWAYZE.

For the prosecutor, *William F. Midlige.*

For the defendant, *Samuel A. Patterson.*

The opinion of the court was delivered by

DIXON, J. The *certiorari* in this case brings up an assessment against the prosecutor's land fronting on Bond street, in Asbury Park, for the grading and graveling of the street.

As the prosecutor had ample notice of the proceedings for the improvement at their inception, but delayed to apply for

the writ until the improvement was completed and the assessment levied, he cannot be heard with regard to any errors in procedure prior to the assessment. *Youngster* v. *Paterson,* 11 *Vroom* 244; *Jelliff* v. *Newark,* 19 *Id.* 101; 20 *Id.* 239.

The chief legal ground of objection to the assessment is that it was levied by the common council, not by the board of city assessors.

An examination of the City act of March 24th, 1897 (*Pamph. L., p.* 46), under which these proceedings were taken, leaves us in some doubt on this point, but the better view appears to be that, with regard to the grading, graveling, paving, flagging, and otherwise improving and regulating of streets under clause III. of section 48, the common council itself has authority to assess the costs and expenses of the improvement upon the owners of property benefited to the extent of the special and peculiar benefit received. Of this tenor are the words used, and the doubt arising from considering other parts of the act is not strong enough to overthrow their plain import.

This being determined, we think the last clause of section 65 becomes applicable, which forbids the allowance of any *certiorari* to review an assessment, unless the same be applied for within sixty days after confirmation of the assessment by the common council.

The present assessment was confirmed by the council on September 2d, 1902, but the writ of *certiorari* was not applied for until July, 1903. It should therefore be dismissed, with costs.