## Nowlis, Appellant, *v.* Hurwitz.

*Practice, C. P.—Trial—Charge—Misstatement in charge—Duty of counsel.*

An error in the statement of testimony in a charge should be called to the attention of the judge before the jury retires in order that it may be corrected. The same rule applies where the error is as to the law, and it is evident that it was inadvertently made because in conflict with other instructions given and with the whole trend of the charge.

Argued April 10, 1911. Appeal, No. 248, Jan. T., 1910, by plaintiff, from judgment of C. P. Luzerne Co., May T., 1907, No. 401, on verdict for defendant in case of Wm. Nowlis v. Joseph Hurwitz. Before FELL, C. J., MESTREZAT, POTTER, ELKIN, and MOSCHZISKER, JJ. Affirmed.

Assumpsit for salary. Before GARMAN, J.

The opinion of the Supreme Court states the case.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was the instruction referred to in the opinion of the Supreme Court.

*Frank A. McGuigan,* for appellant.

*Evan C. Jones,* with him *Andrew Hourigan,* for appellee.

PER CURIAM, May 23, 1911:

This was an action to recover salary for forty-nine weeks under an express contract of employment at $50.00 per week for an indeterminate period. The defendant denied the employment and alleged that the plaintiff was

his partner in the business in which the services were rendered. There was no dispute in relation to the time of service.

The main ground of complaint is that the charge contained the instruction that unless the evidence showed that the plaintiff had worked forty-nine weeks he was not entitled to recover anything. This instruction was clearly erroneous since no period of service was provided for in the express contract set up by the plaintiff. The mention of a fixed period as essential to any recovery was inadvertently made in the earlier part of the charge. It was followed by the instruction many times very clearly repeated that the only question for the jury was whether there was an employment or a partnership and that if an employment was found by the jury the verdict should be for the full amount claimed. Taking the charge as a whole, there is no reason to believe that the jury was misled. We have repeatedly held that an error in the statement of testimony in a charge should be called to the attention of the judge before the jury retires in order that it may be corrected. The same rule should apply where the error is as to the law and it is evident that it was inadvertently made because in conflict with other instructions given and with the whole trend of the charge.

The judgment is affirmed.