# Bowling, Appellant *v.* Roberts.

*Negligence — Automobiles — Evidence — Identity of machine— Case for jury.*

1. In an action against the owners of an automobile to recover damages for personal injuries resulting from the fright of a horse caused by the alleged negligent operation of the automobile, the case is for the jury on the question of identity of the machine, the negligence being established, where the plaintiff testifies that the machine which he saw, was a large one with a "lot of bunting and flags fluttering all over it," and that he saw no other machine so decorated, while the other evidence in the case shows that the defendant on the day of the accident used a large machine to carry prospective purchasers of lots from a railroad station to the property they were developing, that this machine was decorated with buntings and streamers, and that pamphlets advertising the lots were distributed from it.

2. While in such a case the burden is upon the plaintiff to prove whose machine was responsible for the accident, and he must identify it to the satisfaction of the jury, he is not required to do an imposible thing, but only to produce such evidence as will satisfy the minds of twelve intelligent jurors of the identity of the machine.

Mr. Justice Moschzisker dissents.

Argued Jan. 5, 1912.    Appeal No. 232, Jan. T., 1911, by plaintiff, from order of C. P. No. 4, Phila. Co., June T., 1908, No. 1247, refusing to take off non-suit in case of Ernest P. Bowling and Lorena his wife v. William T. B. Roberts et al., trading as William T. B. Roberts & Son.    Before Fell, C. J., Brown, Mestrezat, Potter, Elkin, Stewart and Moschzisker, JJ.    Reversed.

Trespass to recover damages for personal injuries. Before Audenried, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off non-suit.

*Harry D. Westcott* of *Westcott, Westcott & Mc-Manus,* for appellants.—The plaintiff is entitled to every inference from every fact in the case. The case at bar presents a series of facts, which, when reasoned about, necessarily furnish room for dispute and difference of opinion. The state of facts is of such a character as to come within the law of this State, and requires their submission to a jury: Devlin v. Beacon Light Co., 192 Pa. 188; Heh v. Consolidated Gas Co., 201 Pa. 443; Spear v. R. R. Co., 119 Pa. 61; Rauch v. Smedley, 208 Pa. 175; Joyce v. B. & O. R. R. Co., 230 Pa. 1; Wessel v. Steel Co., 28 Pa. Super. Ct. 332; Fetterman v. Rush Township, 28 Pa. Super. Ct. 77; Emig v. Ry. Co., 43 Pa. Super. Ct. 432; Baker v. Gas Co., 157 Pa. 593.

"The power to non-suit should not be exercised without great caution: Stanly v. Southwood, 4 Phila. 291; Bevan v. Ins. Co., 9 W. & S. 187; Brown v. Schock, 77 Pa. 471; Johnson v. Com., 115 Pa. 369.

*Ruby R. Vale,* for appellees.—The evidence of the identity of the machine was insufficient to submit to the jury: Lotz v. Hanlon, 217 Pa. 339.

OPINION BY MR. JUSTICE MESTREZAT, February 19, 1912:

We think it was error to enter a compulsory non-suit in this case. The controlling question for determination was the identity of the automobile which caused the accident resulting in injury to the plaintiffs, and we think there was sufficient evidence to submit to the jury on that question.

In 1907, the defendants were engaged in developing property and selling lots at Pitman Heights, a half mile from the borough of Pitman Grove, Gloucester County, New Jersey. There was a farmers' picnic at Alcyon Park, near Pitman Grove, on August 7th and 8th, 1907, and on the occasion it appears that a White

Steamer automobile was used for carrying prospective purchasers of building lots at Pitman Heights from the railroad station at Pitman Grove to the Heights. It was also used in carrying persons between Pitman Heights and Alcyon Park, a mile distant, and from the railroad station to Alcyon Park. The automobile was a large one and was decorated with bunting and streamers upon which the defendants' name and "Pitman Heights" appeared in large letters. The car was accompanied by one Sands whom the jury might well have found was in charge of the defendants' business in selling lots at Pitman Heights. Pamphlets advertising the lots were distributed from the car on its trips around Pitman Grove. Robert Mitchell, a colored man, in the employ of William T. B. Roberts a member of the defendant firm, was the chauffeur who operated the car which was seen at various times during the picnic on the highways in the vicinity of Pitman Grove, accompanied by Sands, distributing advertising materials.

Mr. and Mrs. Bowling, the plaintiffs, and their infant child were at the farmers' picnic at Alcyon Park on August 8th, and left for their home about 4.30 P. M. of that day. They drove out Holly avenue to Pitman Grove, thence along Broadway to Pitman Avenue, and were driving on the latter highway, about one hundred yards west of the old Woodbury Road which crosses Pitman avenue, when an automobile turned from the road into the avenue and approached the plaintiffs' wagon. The plaintiffs' horse became frightened, ran away, threw the occupants of the wagon out and injured the plaintiffs severely. The plaintiffs claim that it was the defendants' automobile decorated and used by them on that day for advertising purposes which frightened his horse and caused the accident. The automobile was running rapidly and as it neared the plaintiffs' wagon it increased its speed and sounded the horn frequently. The chauffeur made no attempt to stop although signalled to do so by Mr. Bowling. The

plaintiffs testified that the automobile was a large one and was decorated with flags and bunting, that the bunting was "all flopping down the sides and flags on it," and that there was a "lot of bunting and flags fluttering all over it, just like a mass of bunting." There were four or five persons in the car. Replying to appellants' counsel, Mr. Bowling testified that the day of the accident was a "big day" at Alcyon Park, and further: "Q. Teams generally were decorated with bunting and other things because of that fact, were they not? A. I didn't see any. They don't decorate on that day."

Alcyon Park is about one-half mile west of Pitman Grove, Pitman Heights where the defendants' lots were located is about the same distance east of Pitman Grove, and the place of the accident is about one-half mile in a southwesterly direction from Pitman Grove. It will thus be seen that these distances are short and that an automobile could cover them in a very few minutes. If the automobile which caused the accident was being used by defendants' employee in their business at the time, they are responsible if the party operating it was negligent and caused the accident resulting in the plaintiffs' injuries. It is immaterial who the chauffeur was. The liability of the defendants in this action, therefore, depends upon whether the plaintiffs produced sufficient evidence to warrant the jury in identifying the automobile which caused the accident as the one which was being used by Sands in the defendants' business on that day. In determining the question the difficulty in identifying an automobile travelling at such rapid speed must not be overlooked. If the evidence is believed, the chauffeur gave no heed to the plaintiffs' signal to stop the machine but accelerated his speed and sounded his horn frequently until he had passed the plaintiffs' wagon. Of course, the plaintiffs' attention was directed to their horse in order to prevent an accident. They manifestly gave the best

and only description of the machine that anyone could give under the circumstances. This description, with the other facts in the case, we think, was sufficient to warrant the conclusion by the jury that it was the Roberts automobile that frightened the plaintiffs' horse. The decorations on this machine corresponded to a certain extent, at least, with those on the Roberts machine in use by the defendants on that day. Both were covered with "a lot of bunting and flags fluttering all over the machine, just like a mass of bunting." A machine thus decorated would attract attention and would be noticed wherever it went. Mr. Bowling says that he saw no other machine decorated with bunting in the community on that day. Of course, this is not conclusive of the fact, but it is some evidence for the jury. The Roberts machine was a large one, so was the one that caused the accident and, from the description given by the witnesses, the decorations of the two machines may well be regarded as similar.

It would be difficult for the plaintiffs to describe more accurately than they did the automobile which frightened their horse. To require a plaintiff under such circumstances to testify to the number or give a minute description of the machine which caused the accident, would frequently defeat a meritorious cause of action. It cannot be expected, and therefore it is not required. While the burden is upon the plaintiff in such cases to prove whose machine was responsible for the accident resulting in his injury, and he must identify it to the satisfaction of the jury, he is not required to do an impossible thing but only to produce such evidence as will satisfy the minds of twelve intelligent jurors of the identity of the machine. This might be done by showing the similarity between the peculiar and unusual decorations on the Roberts machine and those on the machine which frightened the plaintiffs' horse, and the plaintiffs might thus make a prima facie case which the defendants would be called upon to

answer. Had the plaintiffs' horse been frightened by another team approaching from the opposite direction they could easily have identified the driver and the conveyance but, as suggested above, the rapidity with which an automobile travels, and especially the speed at which this one was going, would prevent a more specific identification than that given by the plaintiffs.

It may be that on the trial of the cause the defendants' testimony may be so clear and conclusive that the court would be justified in directing a verdict for the defendants. As the case now stands, however, the testimony points to the machine, causing the accident, as the one in use by the defendants at the time in their business in promoting the sales of their lots at Pitman Heights. If this be true, and all the evidence in the case satisfies the jury of the fact, the defendants must successfully meet the question of negligence or respond in damages for the plaintiffs' injuries.

In their printed argument, appellants' counsel do not confine themselves to the facts disclosed by the testimony introduced on the trial of the cause. Had they done so, the testimony taken on the former trial but not offered in the present case, would not have been referred to, and the apparent conflict between the facts as stated by counsel and the testimony would probably not have occurred. It may be suggested that on the next trial the plaintiffs' case should be, as manifestly it can be, more fully developed. The relative position of the different places involved in the case and the distances from each other should at least be approximately shown.

The judgment is reversed with a procedendo.

Mr. Justice Moschzisker, dissents.