# Kurtz *v.* Tourison, Appellant.

*Negligence—Contributory negligence—Automobiles—Pedestrian —Case for jury—Ownership of car—Evidence.*

1. In an action of trespass to recover damages for personal injuries, where there was evidence that plaintiff, intending to cross a street, waited for a wagon to pass, and after looking in both directions without seeeing any danger, started across, when she was struck by an automobile moving at an excessive speed without sounding any warning, the question whether plaintiff was guilty of contributory negligence was for the jury and a verdict and judgment for plaintiff will be sustained.

2. Although there was no direct evidence in such case as to who owned the car and employed the chauffeur, the jury could infer that the car was owned and the chauffeur employed by defendant from the purchase of the car with defendant's money, from its frequent use by defendant and members of his family, and from the fact that he had given the chauffeur instructions in reference thereto.

Argued April 1, 1913. Appeal, No. 66, Jan. T., 1913, by defendant, from judgment of C. P. No. 5, Philadelphia Co., Dec. T., 1910, No. 1162, on verdict for plaintiff in case of John P. Kurtz and Catharine Kurtz, his

wife, v. Ashton S. Tourison.  Before FELL, C. J., POTTER,
ELKIN, STEWART and MOSCHZISKER, JJ.  Affirmed.

Trespass to recover damages for personal injuries.
Before ORMEROD, J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $7,000, which the court re-
duced to $5,000 and judgment thereon.  Defendant ap-
pealed.

*Errors assigned,* among others, were in refusing to
give binding instructions for defendant, and to enter
judgment for defendant n. o. v.

*John Stokes Adams,* for appellant.

*John J. McDevitt, Jr.,* with him *Charles H. Edmunds,*
for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, June 27, 1913:

John P. Kurtz and Catherine Kurtz, his wife, brought
this action to recover damages for personal injuries al-
leged to have been suffered by the latter as the result of
the negligent operation of an automobile by Charles
Deily, an employee of the defendant.  The plaintiffs re-
covered verdicts on which judgment was entered, and
the defendant has appealed.  The appellant's statement
of the questions involved presents two points for our
determination: (1) Was the plaintiff, Mrs. Kurtz,
guilty of contributory negligence? (2) Was there "any
evidence from which the jury could find. that the rela-
tion of master and servant existed between the defend-
ant and the driver of the automobile, and that at the
time of the accident the machine was being operated
under the defendant's direction?"

It appears from the testimony of the plaintiff and her
witnesses that Musgrove street, about thirty feet wide,
running north and south, is intersected at right angles

by Pleasant street; that at this intersection the plaintiff was endeavoring to cross Musgrove street from the southeast to the southwest corner; that there was a wagon and team of horses standing about six feet south of Pleasant street and next to the east curb, the horses facing northward; that in attempting to cross she stepped from the pavement into the street and passed in front of these two horses; that she then stopped and looked north and south on Musgrove street; that a wagon was coming north on the car track; that she waited for this to pass by and again looked north and south; that she saw no vehicles approaching and proceeded to cross Musgrove street; that an automobile operated by Charles Deily, running from the south at a high rate of speed, struck her as she stepped from in front of the standing horses and threw her almost the entire width of Pleasant street. Several witnesses testified that the automobile was going at an excessive speed, that no warning was sounded as it approached Pleasant street, and that the car ran about 150 feet after striking Mrs. Kurtz before the chauffeur brought it to a stop. Under the circumstances, the issue of contributory negligence was for the jury.

There was no direct evidence that the automobile was the property of the defendant or that the chauffeur was in his employ at the time of the accident; but there were circumstances from which both of these facts might have been inferred. It was admitted that the car in question was purchased with the defendant's money and paid for by his individual check, and that he at one time owned the Sedgwick garage at which the automobile was stored as well as the business there conducted in which it was used. The plaintiff produced a number of disinterested witnesses who swore that they had seen different members of the defendant's family in the automobile, operated by the chauffeur Deily, from time to time, both before and after the accident, and that at the time of that occurrence a younger son of the defendant was

the only passenger in the car.  One McKenna, a boy employed at the Sedgwick garage, testified that he had heard the defendant instruct Deily not to take the car out unless he got orders from him over the telephone or personally, and the defendant himself admitted that he paid McKenna's salary while he was working at the garage, although the latter was not employed there until about four months after the time the defendant claimed he had leased the place to his son.  It also appeared that the automobile was constantly used by the defendant himself, and that after the accident he went to the station house, bailed the chauffeur out and drove home in the car with Deily at the wheel.

The defendant contended that Deily was not in his employ, that he had leased the garage to Sedgwick Tourison, his son, some time prior to the date of the accident, and that the car had been given by him to his son, and was the latter's property at the time of the injury to the plaintiff; but when upon the stand he admitted that the garage then belonged to him, that since the accident it had been leased by him to another man, and that his son was at that time in his, the defendant's, personal employ.  Deily swore that he worked for Sedgwick Tourison and had no connection whatever with the defendant at the time of the accident; but two officers testified that when the chauffeur arrived at the police station immediately thereafter he stated that he was in the employ of the defendant, and when this was called to Deily's attention on cross examination he neither denied nor explained it away.  The testimony of the defendant and his son as to the ownership of the car and the employment of the chauffeur by the latter, so lacked corroboration by the production of business books and papers, such as usually exist, that the jury in their wisdom might have taken this into account, together with the other circumstances of the case, and entirely disbelieved the defense.

There was no contention here that the chauffeur had the car out for his own use or pleasure; admittedly, he

was either in the service and under the direction of the defendant or of his son, Sedgwick, and as we understand the case, it was not contended that he was acting beyond the scope of his employment, the only question was, from whom did he derive his authority and for whom was he acting at the time of the accident? The issues were submitted to the jury, and judging by the verdict, they evidently believed from the facts as they found them, based on the circumstantial evidence in the case, that the automobile belonged to the defendant, that the chauffeur was working for and derived his authority from him, and that he had the car out on his master's errand at the time of the accident. After carefully considering all the proofs, we cannot say that there was no evidence sufficient in law to sustain the verdict. See Harrier v. Dale, 224 Pa. 643; Moon v. Matthews, 227 Pa. 488; Bowling v. Roberts, 235 Pa. 89; Parker v. Matheson Motor Car Co., 241 Pa. 461.

The assignments of error are overruled and the judgment is affirmed.