## Kennelly *v.* Miller, Appellant.

*Negligence—Automobiles—Employment of chauffeur—Case for jury.*

In an action against an owner of an automobile to recover damages for personal injuries sustained through negligence of the

driver of a car, the case is for the jury where it appears that at a hearing of the driver in a police court the defendant testified that the car belonged to himself, and that the driver was in his employ at the time of the accident, but at the trial he denies that he was the owner of the car, and employer of the driver, and alleges that his son was the owner and employer, but does not produce the license, or any books or papers bearing upon the question of ownership, although the license and books or papers were referred to in the testimony.

Argued Oct. 17, 1917. Appeal, No. 223, Oct. T., 1917, by defendant, from judgment of C. P. No. 2, Philadelphia Co., March T., 1916, No. 996, on verdict for plaintiff in case of Michael J. Kennelly v. Edward Miller. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before ROGERS, J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $850. Defendant appealed.

*Error assigned* was in overruling defendant's motion for judgment n. o. v.

*Frank Rogers Donahue* and *Abraham M. Beitler* and *Samuel M. Clement, Jr.,* for appellant, cited: Scheel v. Shaw, 252 Pa. 451; Solomon v. Commonwealth Trust Co., 256 Pa. 55.

*Augustus Trask Ashton,* with him *Victor Frey,* for appellee.

OPINION BY TREXLER, J., March 2, 1918:

Plaintiff suffered the injuries complained of in a collision between his motorcycle and defendant's automobile. The learned trial judge told the jury, "You must

be satisfied from the testimony that the chauffeur, List, who was driving the car at the time, was an employee of the defendant and that he was engaged in the business of his employer at the time of the accident." The defendant claims that there was not sufficient evidence in the case to warrant a submission of these questions to the jury.

At a hearing held in the 22d District station house where the accident was being investigated the defendant took the stand and testified in the driver's behalf. He there stated that the car was taken out with his knowledge and "was doing business for him," and that it was his car. The magistrate asked him if his chauffeur had taken the car out with his consent and knowledge "and was in his employ at the time of the accident," and he said he was. When confronted at the trial with the proof of having made these statements, the defendant offered no denial of having so testified, but stated that he had been excited and did not know what he had said. He denied being the owner of the car; he testified that although he was running the garage where the automobile was kept, his son, J. J. Miller, was the owner of the car and held the license and was conducting a hacking business. The license was not produced. The chauffeur testified that although he worked for the defendant during the day, at night he frequently drove the car for Miller's son and that upon such occasions he had a book in which the charges against Miller's son were made and verified by the latter's signature. The book was not produced. Although the defendant and his son, Jesse, each claim to be in business, neither they nor the chauffeur produced any bills, books or papers bearing upon the question of the ownership of the car or the expenses usually incident to ownership. All the evidence submitted was parol. The case resembles in some respects that of Kurtz v. Tourison, 241 Pa. 425, and the comment in that case may well be applied in the present: "The testimony of the defendant and his son as to the owner-

ship of the car and the employment of the chauffeur by the latter, so lacked corroboration by the production of business books and papers, such as usually exist, that the jury in their wisdom might have taken this into account, together with the other circumstances of the case, and entirely disbelieved the defense."

We think the admissions made by the defendant at the hearing, and the absence of corroborative evidence as noted above, left no course open to the court but to leave the case to the jury.

The assignments are overruled.    The judgment is affirmed.