Reed *v.* Horn's Motor Express, Inc., Appellant.
Newcomer *v.* Horn's Motor Express, Inc.,
Appellant.

412

Argued March 11, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER, JAMES and RHODES, JJ.

*Douglass D. Storey,* with him *Edmund C. Wingert* and *Frederick J. Templeton,* for appellant.

*Robert L. Myers, Jr.,* with him *John E. Myers,* for appellees.

OPINION BY PARKER, J., September 30, 1936:

These actions in trespass were brought by Orval T. Reed, owner and driver of a Dodge coach, and by Wm. R. Newcomer, a passenger in that coach, to recover damages for injuries received as a result of a collision of the coach with a large truck alleged to have been owned by defendant and at the time operated in defendant's business.

The two actions were tried together and plaintiffs have verdicts of a jury. On this appeal complaint is made of the refusal of defendant's motion for a new trial and for judgment n. o. v. We are all of the opinion that the court below correctly disposed of the motions.

In considering a rule for judgment n. o. v. we are required to read the evidence in a light most favorable to the plaintiffs giving them the benefit of every fact and inference of fact that may be reasonably deduced from the evidence. So viewing the evidence the lower court in an opinion disposing of the motions accurately stated the facts shown as follows:

"A short distance east of Shippensburg on the state highway leading to Carlisle is an eminence known as Mile Hill, east of the top of which there is a descending slope and then a smaller rise in the road. The top of the latter rise is about 450 feet east of the top of Mile Hill. The eastern slope of the smaller rise is about 75 to 100 yards in length and the western slope about 40 to 50 feet long. The highway at this point is 38 feet wide from bank to bank and the macadam surface is 18 feet wide. From the macadam to the bank on each side is about 10 feet

"The plaintiffs, riding in the front seat of an automobile owned and operated by the plaintiff Reed, at about 6 P. M. on the evening of November 8, 1933, approached the smaller rise going in a westerly direction at a speed of about 35 miles per hour. The automobile was wholly on the right side of the road and just as it topped the rise Reed saw the lights of a truck traveling east in the center of the road, occupying a part of the righthand side in the direction in which Reed was driving. He applied the brakes, but there was a collision between the left front end of Reed's car and the midde of the bottom of the truckbody. The truck did not stop. Reed's car swerved to the left and overturned.

"The testimony and the marks on the road shows that the collision occurred about 20 feet west of the top of the smaller rise on its western slope. The testimony also shows that the drop from the top of the rise to the bottom on the west side is sufficient to obscure from a car going west up the east slope a car or truck going east up the west slope.

"From the testimony of the plaintiffs and from statements made by them shortly after the accident to the defendant's witnesses it appears that Reed's car collided with a truck with a large van-type body. To prove that the truck involved in the collision was owned by the defendant company and was being operated on its business, the plaintiffs called Herman Walker, a high school boy, who testified that he left home at 5:15 p. m. to see a friend in the country. As he walked along the road and 'got to the place called the Mile Hill, right up at the steepest part, there was a truck coming up there on first gear, and the driver opened the door and hollered, "Do you want a ride?" and I said "Yes, sir." And I crawled in the truck, and just as we approached that grade east of Mile Hill there was a car coming up over there, and just as we started to go past we heard a col-

lision,' which didn't shake the truck very much, because it was so heavily loaded. The driver did not stop. Walker opened the door and looked back, asking 'Aren't you going to stop?' The driver replied, 'No, I am not going to stop. It ain't my fault.' " Walker stated that at the time of the collision the truck was in the center of the road. He stated that the collision occurred about 6 p. m.

"A short distance from the accident, Walker testified, the driver stopped, alighted and examined the truck. After another short distance, the truck stopped to allow Walker to alight. Walker walked around the truck, the driver alighted and 'there was a deep scratch near the back wheel on the left-hand side, and he (the driver) rubbed his finger over it. And I looked—a passing automobile came by—and I glanced at the side of the truck, and it said "Horn's Motor Express." ' "

In support of the assignment of error complaining of the refusal of the motions for judgment n. o. v. the defendant insists that the evidence was not sufficient to sustain a finding that the truck with which plaintiffs collided was owned by defendant and operated on its business at the time. To establish the identity of the truck the plaintiffs relied largely on the testimony of Herman Walker. His testimony, credited by the jury, established the fact that the truck in which he was riding passed the point where the accident occurred at about 6 P. M. on the day of the accident and that the truck was a business vehicle and had printed on it "Horn's Motor Express." There was evidence on the part of defendant that the trucks of defendant had printed on the sides its full name, "Horn's Motor Express Inc." It is well settled that proof of facts that a truck concerned in an accident is a business vehicle and that it bears the trade name of the defendant displayed in the manner that trade or business names are usually placed on vehicles used for trade or business

establishes prima facie that the truck is owned by the person whose name is on the vehicle and that the vehicle is being used by the person in charge in the business of the person whose name is displayed. It is, of course, a rebuttable presumption: *Williams v. Ludwig Floral Co.*, 252 Pa. 140, 97 A. 206; *Holzheimer v. Lit Bros.*, 262 Pa. 150, 105 A. 73; *Hartig v. American Ice Co.*, 290 Pa. 21, 137 A. 867; *Partridge v. Scott Bros.*, 306 Pa. 60, 158 A. 790; *Readshaw v. Montgomery*, 313 Pa. 206, 169 A. 135. The rule applies notwithstanding the fact that the witness gave the name on the truck without the abbreviation "Inc." which was part of the true name of defendant: *Vance v. Freedom Oil Works Co.*, 113 Pa. Superior Ct. 280, 173 A. 496.

Was the truck upon which Walker was riding the vehicle with which Reed's car collided? As the learned judge of the court below points out: "It was a large van-type truck; it was traveling east and was in collision at the time and place described by plaintiffs with a car coming in the direction plaintiffs were traveling; it was being driven in the center of the road as described by plaintiffs; it did not stop after the collision; it was damaged at a point on its body which the plaintiffs described; and according to statements made by the president of the company to the plaintiffs a truck of that type would pass the place of the collision at about the time the collision occurred." We agree with the court below that the evidence was sufficient to sustain the conclusion of the jury that it was in fact defendant's truck in which Walker was riding. "It is not always essential that there should be an eye witness of the occurrence. The proof may be furnished by the circumstances themselves. The test is whether they are such as to satisfy reasonable and well balanced minds that the accident resulted from the negligence of defendant": *Ferry v. P. R. T. Co.*, 232 Pa. 403, 406, 81 A. 426; *Miller v. Siebert*, 296 Pa. 400, 406, 145 A.

909; *Reardon v. Smith*, 298 Pa. 554, 558, 148 A. 860. "While the burden is upon the plaintiff in such cases to prove whose machine was responsible for the accident resulting in his injury, and he must identify it to the satisfaction of the jury, he is not required to do an impossible thing but only to produce such evidence as will satisfy the minds of twelve intelligent jurors of the identity of the machine": *Bowling v. Roberts*, 235 Pa. 89, 93, 83 A. 600.

The appellant in support of its argument states the proposition that "a presumption or inference cannot be based upon another presumption or inference." We have never understood this to be the law: *Madden v. Great A. & P. Tea Co.*, 106 Pa. Superior Ct. 474, 481, 162 A. 687. It must be confessed that the appellate courts have frequently said that an inference may not be drawn from an inference[1] and confused the terms "presumption" and "inference." The suggestion of Dean Trickett[2] that the oft repeated statement that when facts are to be inferred from other facts the latter must be established by direct evidence be "extirpated" has been acted upon by the Supreme Court in the recent case of *Neeley v. Provident Life & Accident Ins. Co.*, 322 Pa. 417, 185 A. 784. The opinion in that case points out again the distinction between presumptions and inferences and holds that "it is obvious that no presumption can be founded upon a presumption; and it is equally obvious that inferences may be founded on inferences, as they are in the investigations carried on by scientific men and in every day affairs of life." Just as in the consideration of other circumstantial evidence, an inference drawn from an

---

[1] *Douglass v. Mitchell's Executor*, 35 Pa. 440; *McAleer v. McMurray*, 58 Pa. 126; *Philadelphia City P. R. Co. v. Henrice*, 92 Pa. 431, 439; *Carroll v. Willow Brook Co.*, 108 Pa. Superior Ct. 580, 165 A. 550.

[2] Forum of the Dickinson School of Law, March, 1906, Vol. 10, p. 123.

inference may become so tenuous that it cannot be accepted and in fact amounts to nothing more than a guess. In many of the cases where the rule has been stated too broadly the facts proven justified the conclusion of the court that the proofs were not sufficient. Here as we have pointed out they were sufficient.

The remaining assignment of error concerns the motions for a new trial. Complaint is made of the fact that the court below referred to part of Walker's testimony favorable to the plaintiffs and omitted reference to a portion which was considered favorable to the defendant. The court's attention was not called to this omission nor was any complaint made thereto except by a general exception to the charge. A party may not remain silent when the court makes a mistake in charging the jury in reciting the testimony, take his chances of a verdict and then ask to have the verdict set aside: *Nowlis v. Hurwitz,* 232 Pa. 154, 81 A. 143; *Shade v. Llewellyn,* 250 Pa. 456, 461, 95 A. 583. In addition it is to be noted that the court at the conclusion of its charge asked both sides if they desired any further instructions.

Judgments affirmed.