THE STATE, HENRY P. SIMMONS, PROSECUTOR, v. THE CITY OF PASSAIC.

1. On *certiorari* to review the assessment for a street opening or improvement, general reasons which do not state any specific defect or error in the proceedings will not be regarded by the court.
2. Notwithstanding the act of 1881 (*Rev. Sup., p.* 81, ¿ 1), which provides that it shall be the duty of the court to determine disputed questions of fact, still it must clearly appear that some injustice has been done before an assessment will be set aside.

On *certiorari.*

Argued at February Term, 1893, before Justices DEPUE, LIPPINCOTT and ABBETT.

For the prosecutor, *William Nelson.*

For the defendant, *George P. Rust.*

The opinion of the court was delivered by

LIPPINCOTT, J. The writ of *certiorari* in this case brings up for review the assessment laid for the opening of Central avenue between Lexington avenue and Harrison street, in the Fourth ward of the city of Passaic.

For lands taken for the opening of said avenue belonging to the relator, the commissioners awarded the sum of $4,089.76.

The amount of costs and expenses of opening, according to the resolution of the city council, was the sum of $19,134.10.

Of this sum $382.68 was assessed upon the city of Passaic, that amount being the excess of benefits over the benefits specially conferred upon particular plots of land and real estate.

The sum of $4,371.98 was assessed upon the lands of the prosecutor.

There are many reasons filed, most of which pertain to the preliminary proceedings and not to the assessment for benefits. These proceedings have not been brought up by this writ and cannot be considered. Besides, this court has repeatedly held that it is too late to raise objections relating to the preliminary proceedings after the assessments for benefits have been made. *State, Youngster, v. Paterson,* 11 *Vroom* 244; *State, Hampson, v. Paterson,* 7 *Id.* 159; *State, Hoboken Land Co.,* v. *Mayor, &c., Id.* 291; *State, Bogart, v. Passaic,* 9 *Id.* 57; *State, Ropes,* v. *Essex Board,* 8 *Id.* 335.

The fourth reason is that the commissioners did not qualify according to law.

Section 68 of the city charter of Passaic (*Pamph. L.* 1873, *p.* 510) provides that the commissioners must subscribe an oath "to make the said assessment fairly and impartially according to their best skill and judgment."

The oath was, as taken, "to make said assessments fairly and impartially according to our best judgment, skill and ability." The words "and ability" may be treated as surplusage, and they do not weaken the force of the official oath taken by the commissioners.

Their oath of office was in conformity with the requirements of the city charter.

The fifth objection states that it does not appear that the commissioners were disinterested freeholders of said city, residing as near as may be in different wards.

The city charter, section 67, only requires the appointment of three disinterested freeholders of said city, residing in different wards, and by the return they appear to have been such freeholders. There is no force in this objection.

The seventh, eighth and ninth objections are so general in their character that they cannot be regarded at all.

The seventh alleges that the report of the commissioners is not in accordance with the law and the facts, without stating in what particular the defect consists.

The eighth reason states that the report of the commissioners is not in conformity with the action of the city council, which attempted to direct them in the performance of their duties. This reason does not state in what respect the report is not in such conformity, if it was required so to be.

The ninth reason claims the report is invalid because the acts of the city council in their pretended appointment or direction of said pretended commissioners was not in accordance with the provision of the city charter of said city in such cases. It is not stated in what respect the acts of the council were not in conformity with the city charter.

On *certiorari* to review the assessment for a street opening or improvement, general reasons which do not state any specific defect or error in the proceedings will not be regarded by the court.

In the tenth objection it is alleged that it does not appear that the city council ever ascertained the whole amount of the costs, damages and expenses of the alleged improvements, as required by law.

There is no information in the brief or argument of counsel as to the facts relied on in support of this reason. It appears by resolution of the city council passed April 27th, 1891, that they did ascertain the whole cost and expenses of executing this improvement, and that such costs and expenses amounted to the sum of $19,134.10. This resolution is also recited in the preliminary portion of the commissioners' report of assessment.

The eleventh reason is that the proceedings are in other respects irregular, illegal, unjust and oppressive to the prosecutor. This reason is too general to be regarded, and may be classed in the same category with the seventh, eighth and ninth reasons.

The twelfth reason objected against this assessment is " because the assessment pretended to be made by said pretended commissioners is greatly in excess of the benefits conferred upon the lands of the prosecutor by said alleged improvement."

Upon this reason considerable evidence has been taken. I have fully examined it, but shall not. enter upon any analysis of it. There is much dispute and some contrariety of evidence upon the subject of benefits. I am of opinion that the evidence on the part of the defendant possesses much greater weight and force than that on the part of the prosecutor. It is more satisfactory, and I think upon the evidence alone, without the report of the commissioners, the assessment would be sustained. Hardly any witness sworn on the part of the prosecutor has ever had any experience in real estate matters, or in the opening of streets, or in the matter of assessments, and they all appear to have a quite limited knowledge of the subject.

On the part of the defendant many witnesses have been sworn who, by their evidence, indicate considerable knowledge and experience in the subject-matter, and from the facts and circumstances which they detail, and applying their knowledge and experience to this very assessment in question, it is almost conclusive that the lands of the prosecutor have been assessed at no greater sum than the benefit received.

By the evidence, I think it is clear that the assessment of benefits on the lands of the prosecutor is not excessive.

Besides this, the assessment of commissioners for benefits and street improvements, where they have been on the ground and examined the premises and made their report of estimates according to the principles prescribed in the charter, will not be set aside upon conflicting evidence of the justice or sufficiency of said assessments. *State, Pudney,* v. *Passaic,* 8 *Vroom* 65 ; *Hunt* v. *Rahway,* 10 *Id.* 646 ; *S. C.,* 11 *Id.* 615 ; *Butler* v. *Passaic,* 15 *Id.* 171 ; *Jeliff* v. *Newark,* 19 *Id.* 101 ; *Hegeman* v. *Passaic,* 22 *Id.* 109.

And notwithstanding the act of 1881 (*Rev. Sup., p.* 84, § 1), which provides that it shall be the duty of the court to determine disputed questions of fact as well as law, in these cases, still it must clearly appear that some injustice has been done before an assessment will be set aside.

The assessment should be confirmed.