A. KNEISEL *et al. vs.* THE URSUS MOTOR COMPANY *et al.*— (FRANK I. MOULTON *et al.* Plaintiffs in Error, *vs.* THE CHICAGO TITLE AND TRUST COMPANY, Receiver, Defendant in Error.)

*Opinion filed October 28, 1926—Rehearing denied Dec. 15, 1926.*

1. ACTIONS AND DEFENSES—*civil contempt proceeding should be so instituted as to give respondent an opportunity to defend.* The exact form of the procedure in the prosecution of an indirect civil contempt is not important, but due process of law requires that the accused be advised of the charges against him and have a reasonable opportunity to meet them by way of defense or explanation, and such proceeding should be begun by petition or affidavit filed in the court having jurisdiction of the cause wherein the order was entered the violation of which forms the basis of the contempt proceeding.

2. CONTEMPT—*party accused of civil contempt is entitled to a trial—burden of proof.* However the prosecution of an indirect civil contempt is instituted, the party accused is entitled to a trial, and the burden of sustaining the charges is upon the party bringing the accusation.

3. APPEALS AND ERRORS—*when order in receivership proceeding is not final.* In a receivership proceeding where the court of its own motion investigates the conduct of the receiver, removes him and orders certain attorneys to re-pay to a new receiver fees paid to them by the former receiver, which order is complied with by the attorneys without prejudice, a subsequent order striking the answer of the attorneys, which denies the charges that the fees were improper and asks that the receiver be required to produce evidence as to why the money should not be returned to them, is not a final order, though it calls the answer a petition and purports to dismiss it.

WRIT OF ERROR to the Second Division of the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding.

FRANK I. MOULTON, LLOYD C. WHITMAN, ROLAND D. WHITMAN, and CHARLES R. HOLTON, *pro sese,* plaintiffs in error.

ANGUS ROY SHANNON, and MICHAEL FEINBERG, (HAMILTON MOSES, of counsel,) for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The order of the circuit court from which this appeal was taken is not final. This will appear from an analysis of the proceeding. The informality of the hearing before the chancellor makes it necessary to set out briefly each step taken and to give the facts more in detail than would usually be necessary.

Jacob Goldman, a professional receiver of Chicago, had been appointed by the different judges of the circuit court of Cook county receiver in 297 cases. In the spring of 1923 the judges, becoming convinced that Goldman was conducting himself irregularly, re-assigned all the cases in which he had been appointed receiver to Hon. Kickham Scanlan, one of the judges of the circuit court. Judge Scanlan commenced an investigation of the fitness of Goldman as receiver and of the condition of the estates in his hands. He summoned many witnesses, including attorneys who had represented Goldman in the different receivership proceedings. Among these attorneys was Lloyd C. Whitman, at the time of his employment by Goldman a member of the firm of Helmer, Moulton, Whitman & Whitman. Goldman had paid to Whitman $2317.50 as attorney fees. These fees were paid without a specific order of court directing their payment, and Judge Scanlan being of the opinion that the funds held by Goldman as receiver had been improperly expended, removed Goldman and directed Whitman to pay the amount received by him to the Chicago Title and Trust Company, Goldman's successor.

The order directing Whitman to pay to the Chicago Title and Trust Company $2317.50 was entered by the court September 26, 1923, on its own motion, without com-

plaint or affidavit of any person interested. After reciting that an investigation was being made of the conduct of Goldman and that Goldman had paid the amount in attorney fees to Whitman without order of court, the court charges that "said Lloyd C. Whitman is now wrongfully withholding the sum of $2317.50 from the receiver herein" and has refused to comply with the demand of the court to pay over the amount received by him. The court thereupon ordered Whitman to pay over the money by ten o'clock A. M., October 10, 1923, subject to his rights, if any, to be reimbursed for legal services rendered Goldman as receiver, or, in default of such payment by him, that he show cause, if any he have, why he does not comply with the order. An extension of time having been granted, Whitman filed on October 23 his answer to the charge made by the court. He denied that he was wrongfully withholding any moneys belonging to any of the estates in which Goldman had been appointed receiver, and alleged that the sum of $2317.50 which had been paid to him had been regularly paid for services properly rendered and that the amount was a fair and reasonable amount usually charged for such services. He alleged that at the time of his employment by Goldman he was a member of the firm of Helmer, Moulton, Whitman & Whitman, and asked that his former partners, Frank A. Helmer, Frank I. Moulton, Roland D. Whitman and Charles R. Holton, be made co-respondents. October 26 the four attorneys named filed their petition in the cause, stating that the fees received by Lloyd C. Whitman had been received by him as a member of the firm, and asked that they be made co-respondents with Whitman to the order of September 26. No order was entered making Whitman's former partners co-respondents, but thereafter they were treated by the court as though a formal order had been entered.

October 26 the court entered an order in which was recited the fact that he was investigating the conduct of

Goldman as receiver and that Lloyd C. Whitman and his four former partners had appeared in court in response to the order of September 26, and ordered that said attorneys pay to the Chicago Title and Trust Company, as receiver, the $2317.50 theretofore ordered paid. The order provided that the payment of the money should not "in anywise prejudice or conclude" said attorneys, or any of them, as to any right or claim of right by them, or any of them, shown or made by any of said attorneys. The order recites the payment to the receiver, on the conditions of the order, of the sum of $2317.50, and directs the receiver to hold said money subject to the further orders of the court.

November 22, 1923, Lloyd C. Whitman and his four partners filed a joint answer to the order of September 26 and the order of October 26. By this answer they denied that the court had the authority to enter the orders named and that it had jurisdiction to require respondents to pay the money to the receiver or to show cause why they should not comply with the order. They admitted their employment by Goldman and the payment to them of the sum of $2317.50 by two checks, signed "Jacob Goldman, receiver." They recited at length the services rendered by Lloyd C. Whitman to Goldman and alleged that they received the fees paid in good faith for services rendered. They admitted that there were no specific orders entered directing the payment of said fees to them but denied that the payments were made wrongfully and without any authority. They alleged that the order of September 26 was not entered in any cause regularly pending before the circuit court but that it was entered in an investigation conducted by Judge Scanlan commencing April 23, 1923, and continuing until the entry of the order, and that this investigation was conducted without any issue pending before the court and without any adversary proceedings being on hearing on any report of Goldman as receiver or on any petition or order against any of these respondents or on any issue tendered

to respondents, and that these respondents were in no way a party to any proceeding or investigation then being conducted by the court. The answer further recites that Lloyd C. Whitman was summoned to appear before the judge for examination as a witness and that upon his appearance the order of September 26 was entered. They allege as a conclusion to their answer that they have shown good cause why the respondents, or any of them, should not produce or pay to the receiver the $2317.50 or any part thereof, and that they were and are entitled to that amount for services rendered and disbursements made for and upon behalf of Goldman as receiver of the Ursus Motor Company, and they ask that the money deposited by them in compliance with the order of October 26 be returned to them, or that, if upon a full hearing it should appear that they are not entitled to receive said $2317.50, the court fix the reasonable and proper compensation of respondents, including their cash disbursements, and declare the amount a first lien upon the estate of the Ursus Motor Company.

Nothing further was done in the matter until April 28, 1924, when respondents filed a motion asking the return of the $2317.50. This motion was denied. Thereupon respondents filed a motion asking the court to direct the Chicago Title and Trust Company, as receiver for the Ursus Motor Company, to present and go forward with such evidence as it might care to adduce in the premises in support of its claim, if any, to the sum of $2317.50 or any part thereof, and this motion was denied. The motion to direct the receiver to return the money deposited was renewed and again denied. Respondents thereupon presented evidence to support their answer to the charge that they were wrongfully withholding money and to justify the payment to them of $2317.50 by Goldman. The receiver offered some evidence in rebuttal and the cause was taken under advisement. May 16 the court entered an order in which it recited that the court had concluded the hearing upon the petition

of the five attorneys filed November 22, 1923, and ordered that the petition be dismissed for want of equity. From this order an appeal was prayed to the Appellate Court for the First District. That court affirmed the order of the circuit court, and the cause is pending here on *certiorari*.

From this recital of facts it will be seen that this proceeding, begun by the court *sua sponte* without complaint or affidavit, has not been concluded. The first step taken which in any manner constituted a charge against Lloyd C. Whitman or tendered an issue to him was the order of September 26. While the informality and irregularity of the proceeding make it difficult to identify the charge, we assume the court intended by its order to charge Whitman with contempt for confederating with Goldman in wrongfully diverting funds of the estate of the Ursus Motor Company. The exact form of the procedure in the prosecution of an indirect civil contempt is not important, but due process of law requires that the accused shall be advised of the charges against him and have a reasonable opportunity to meet them by way of defense or explanation. (*Cooke* v. *United States,* 267 U. S. 517, 45 Sup. Ct. 390; *Hess* v. *Conway,* 93 Kan. 246, 144 Pac. 205.) Such proceedings should be begun by petition or affidavit filed in the court having jurisdiction of the cause wherein the order was entered, the violation of which forms the basis of the contempt proceeding. (*Hake* v. *People,* 230 Ill. 174.) However it is begun, the party accused is entitled to a trial, and the burden of sustaining the charges is upon the party bringing the accusation. *People* v. *Weigley,* 155 Ill. 491; *In re Holt,* 55 N. J. L. 384, 27 Atl. 909.

Defendant in error contends that the initial step in the proceeding being reviewed is the so-called petition filed by respondents November 22, 1923. It argues that the payment of the money to the receiver in compliance with the order of October 26 rendered *functus officio* that order and the order of September 26, and that the hearing thereafter

was on the petition of respondents to have returned to them this money. Taking this as a premise, it argues that the burden of proving title to the money rested upon respondents and that the dismissal of their petition for want of equity was a final disposition of their case. All of this argument is based on a false premise. This proceeding was instituted by the court by the entry of the order of September 26 requiring Lloyd C. Whitman to show cause why he should not return to the estate of the Ursus Motor Company the $2317.50 paid to him by Goldman. Whitman and his four former partners answered this charge that they were wrongfully withholding funds of the estate of the Ursus Motor Company, and denied the authority of the court to cite them in the first instance, and denied the truth of all the charges and innuendoes made in the proceeding instituted by the court. The deposit of the money in compliance with the order of court was without prejudice, and until it is established by competent evidence in a legal proceeding that the money belongs to someone other than respondents the title remains in them. The burden is upon the accuser to prove the charges made. If they are not sustained by competent evidence in a legal proceeding the respondents are entitled to their discharge and to an order directing a return to them of their money. The issue presented for decision was whether respondents were wrongfully withholding funds belonging to the receiver of the Ursus Motor Company, and until that issue is decided there will be no final order. The dismissal of the pleading, which the court designates a petition and which respondents insist is their answer, was not a final determination of the ultimate question to be decided.

Whether the court has authority to proceed summarily against an attorney to recover assets of an estate in the hands of a receiver which cannot be defined or identified, and whether any legal order can be entered in a hearing being conducted by a court with no issue made up, are mat-

ters which will be determined on the final hearing. The order in this case being interlocutory, the cause is not here for a hearing on the merits.

The judgment of the Appellate Court is reversed and the cause is remanded to that court, with directions to dismiss the appeal. *Reversed and remanded, with directions.*