ANNA T. E. KIRTLAND, PROSECUTOR, v. W. FRANK PARKER, COLLECTOR, AND THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEW BRUNSWICK.

Submitted December 6, 1907—Decided February 24, 1908.

1. Where by statute a final and conclusive character is given to an assessment for benefits when confirmed, and such assessment shows upon its face that notice has been given to parties interested to object and opportunity to be heard thereon, which opportunity has not been availed of, and when such report upon its face declares that such assessment has been made in conformity with the rules of law, the proof that the assessment was not so made must be clear and cogent to warrant the court in disturbing it.

2. The mere coincidence that the benefits so assessed appear to be in proportion to the frontage of each property assessed along the line of the improvement, cannot be urged against the declarations of the report of the commissioner that the assessments were made according to the peculiar benefits each property has received.

---

On *certiorari.*

Before Justices VOORHEES and MINTURN.

For the prosecutor, *Freeman Woodbridge.*

For the defendants, *Edwin C. McKeag.*

The opinion of the court was delivered by

VOORHEES, J.    This writ brings under review an assessment for benefits against the prosecutor's lot, situate on the corner of Hardenbergh and Somerset streets, in the city of New Brunswick, for laying a pavement in Hardenbergh street, adjoining said property.    The lot in question is one hundred and fifty feet on Hardenbergh street and twenty-eight feet on Somerset street, and contains a dwelling-house covering practically one hundred feet of the lot.

The return shows that the assessment in question, amounting to $543.50, was made by the street commissioner of said city, the legally appointed officer for that purpose, and was duly confirmed by the common council of said city after the prescribed notice to the property owners that such assessment had been made and appointing a time and place for presenting objections to the street commissioner, all in accordance with the provisions of the charter of that city. *Pamph. L.* 1863, *p.* 383.

It also appears that no objections at the time and place so appointed for making them were interposed.

The assessment shows upon its face that it "was a just and equitable assessment upon the owners of land and real estate in proportion to and exceeding the peculiar benefits that each person so assessed" received, and is in conformity with the rule laid down in *Rosell* v. *Neptune City,* 39 *Vroom* 509.

This writ having been sued out after confirmation, the legality only of the assessment may be questioned. *Tusting* v. *Asbury Park,* 44 *Vroom* 102.

The prosecutor urges that the assessment was not made in proportion to the benefits received; that such assessment was not made in proportion to and upon the same basis, for benefits received as the assesments made against other property holders; that the assessment is greater than the peculiar

benefits accruing to the property, and lastly, that the assessment was made according to the lineal feet of frontage of said property on said street.

Witnesses have been examined by the prosecutor and the defendants. This testimony is conflicting, and without attempting to analyze it, it is sufficient to say that it satisfactorily appears that the value of the property has been increased by reason of the street improvement to a greater extent than the amount of the assessment. The testimony of the witnesses on the part of the prosecutor is not convincing. The testimony of the street commissioner is to the . effect that in each case the assessments were made according to the peculiar benefits received by each property. Where there is no convincing evidence against the judgment of the commissioner that judgment must stand. *Raymond* v. *Rutherford,* 26 *Vroom* 441.

Section 96 of the charter of the city of New Brunswick (*Pamph. L.* 1863, *p.* 383) declares that the assessment, when confirmed, shall be final and conclusive. The proof therefore must be clear and convincing to outweigh the judgment of the street commissioner selected by law to make this assessment. *Coward* v. *North Plainfield,* 34 *Vroom* 61.

It is said in *Simmons* v. *Passaic,* 26 *Vroom* 485: "The assessment of commissioners for benefits and street improvements, where they have been on the ground and examined the premises and made their report of estimates according to the principles prescribed in the charter, will not be set aside on conflicting evidence of the justice or sufficiency of said assessments."

Where by statute a final and conclusive character is given to an assessment for benefits, when confirmed, and such assessment shows upon its face that notice has been given to parties interested to object and opportunity to be heard thereon, which opportunity has not been availed of, and when such report upon its face declares that such assessment has been made in conformity with the rules of law, the proof that the assessment was not so made must be clear and cogent to warrant the court in disturbing it. The burden

thus thrown upon the prosecutor has not been sustained in this case.

With regard to the discrimination against this property in the distribution of the benefits, a like conclusion has been reached that the testimony does not indicate such inequitable result. The most that can be said in favor of this objection is that the general distribution of the assessment is apportioned among nearly all of the properties assessed in the ratio of their frontage. But that this appears to be the case will not raise a presumption that the assessment is necessarily wrong. Unless it be conclusively shown that that method improperly distributes the assessments it is not objectionable. *Dooling* v. *Ocean City,* 38 *Vroom* 215; *Raymond* v. *Rutherford, supra.*

The coincidence that the benefits appear to be in proportion to the frontage of each property along the line of the improvement cannot be urged against the declarations of the report of the commissioner that the assessments were made according to the peculiar benefit each property had received.

The assessment should be affirmed, with costs.

Submitted December 6, 1907—Decided February 24, 1908.