JOHN M. GIBLIN *vs.* DUDLEY HARDWARE CO.

JUNE 27, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Negligence. Registration of Motor Vehicles. Presumption of Ownership.*

Where a motor vehicle has been registered under Pub. Laws, 1909, cap 454, and a distinguishing number assigned to it, and no notice of the owner's transfer of interest has been filed with the State Board of Public Roads, in an action brought to recover damages for injuries arising out of a collision between said vehicle and a car of plaintiff, the plaintiff can rely upon the presumption that the requirements of the law have been complied with and that the defendant was the owner of the vehicle at the time of the accident.

*(2)   Negligence.   Master and Servant.   Presumption of Servant's Employment.
Burden of Proof.*

Where a plaintiff has proved that a motor vehicle was owned by defendant
at the time of an accident, it is a reasonable presumption that it was being
used in defendant's business at that time.   This presumption, however, is
rebuttable and may be met and overcome by the evidence of defendant.

NEGLIGENCE.   Heard on exceptions of defendant and
overruled.

SWEENEY, J.   This is an action of trespass on the case for
negligence.   The declaration alleges that while the plaintiff
was operating a taxicab a servant of the defendant cor-
poration so negligently operated its motor delivery truck
that it ran into the taxicab the plaintiff was operating and
severely injured him.

At the close of the plaintiff's testimony, the defendant
rested its case without introducing any testimony and
moved for a direction of a verdict in its favor.   After
argument the court denied this motion and the defendant's
exception was noted.   The case was then submitted to the
jury after argument by the attorneys for the defendant
and the plaintiff and the charge of the court and the jury
returned a verdict for the plaintiff.   The defendant then
duly brought the case to this court by its bill of exceptions
without making a motion for a new trial.   Several excep-
tions are stated in the bill but the only one now claimed is
to the denial of the defendant's motion for a direction of a
verdict.

The plaintiff proved that the motor truck was registered
and owned by the defendant corporation.   Defendant's
motion for a direction of a verdict was based upon the claim
that the plaintiff had not shown by competent evidence that
the driver of the truck, at the time of the accident, was the
servant of the defendant and that the plaintiff should have
introduced testimony tending to show that the driver of
the truck, at the time of the accident, was the servant of
the defendant and acting within the scope of his employ-
ment.

The trial justice charged the jury that if they were satisfied that the auto truck "was the property of the defendant, then that fact would warrant the further presumption that at the time of the accident it was being operated on the highway by the servant of the defendant corporation, and that that servant was in the discharge of his duties as such servant, and acting within the scope of his authority. All of these things you would be warranted in assuming to be facts from the testimony as it appears before you at the present time."

Chapter 454, Public Laws, 1909, requires every owner of a motor vehicle, before using it upon the public highways, to file with the State Board of Public Roads a statement under oath of his name with a brief description of the motor vehicle owned by him and, upon the payment of the proper fee for registration, the Board will register such motor vehicle and assign to it a distinguishing number and issue to the owner a certificate of registration for such motor vehicle. This distinguishing number must be placed upon the vehicle so that it can be seen and said certificate must be carried upon such motor vehicle when the vehicle is operated upon the public highways. Said chapter also provides that if the owner of a motor vehicle so registered shall transfer his interest therein to some other person such registration shall expire immediately upon the transfer of such ownership, and that when he transfers his interest in such motor vehicle to some other person he shall also file with the said Board a written notice containing the name and place of residence of the new owner and the date of such transfer. The law also provides that no person shall operate a motor vehicle upon the public highways of the state unless it shall be duly registered.

An important reason for requiring motor vehicles to be registered and the distinguishing number assigned to the vehicle displayed upon it is to give a person injured by the operation of such vehicle an opportunity of identifying the owner thereof. Under the law above referred to a motor

vehicle cannot be lawfully operated upon the public high-
ways unless duly registered by the owner thereof. The
defendant corporation had the motor truck duly registered
and the distinguishing number assigned thereto displayed
upon it .at the time of the accident. No notice of de-
fendant's transfer of interest in the motor vehicle had been
filed with said Board by the defendant; and under these
facts the plaintiff could rely upon the presumption that the
requirements of the law had been complied with and that
the defendant was the owner of the motor vehicle at the
time of the accident. The plaintiff having proved that the
motor vehicle was owned by the defendant at the time of
the accident, it was a reasonable presumption that it was
(2) being used in the defendant's business at that time. This
presumption, however, is a rebuttable one and may be met
and overcome by the evidence of the defendant. *Berger* y.
*Watjen*, 106 Atl. (R. I.) 740; *Bogorad* v. *Dix*, 176 App. Div.
(N. Y.) 774; *McCann* v. *Davison*, 145 App. Div. (N. Y.) 522;
*Long* v. *Nute*, 123 Mo. App. 204; *Langworthy* v. *Owens*, 116
Minn. 342; *Wood* v. *Indianapolis Abattoir Co.*, 178 Ky. 188;
*Patterson* v. *Milligan*, 12 Ala. 324; *Vonderhorst Br. Co.* v.
*Amrhine*, 98 Md. 406.

Substantially the same question raised in this case was
before this court in the case of *Burns et al.* v. *Brightman
et al.*, 44 R. I. 316. The trial justice charged the jury that,
as the defendants had admitted that the automobile in-
volved in the accident was theirs, if no other evidence was
produced this was a *prima facie* case which would warrant
the jury in drawing the conclusion that the person in charge
of the machine was engaged in the employment of the
defendants; but as the defendants had testified that the
driver of the machine was not their servant and not in their
employ this issue was to be decided upon consideration of
all of the testimony. This court said, in overruling an
exception to this portion of the charge, "The presumption
referred to by the trial judge which made a *prima facie* case,
meant simply that plaintiffs had introduced sufficient

evidence to require defendants to present their case. This having been done, the jury was instructed to decide the issue upon all of the facts in evidence."

In the case of *Benn* v. *Forest*, 213 Fed. Rep. 763, in the Circuit Court of Appeals the rule of proof was stated to be, "If the chauffeur was not running the car at the time of the accident as the servant of the defendant the fact was peculiarly within the defendant's knowledge and the burden is on him to establish it."

The general rule applying to this question is stated in 10 R. C. L. Evidence, Sec. 45, as follows: "The term 'burden of proof' has two distinct meanings. By the one is meant the duty of establishing the truth of a given proposition or issue by such a quantum of evidence as the law demands in the case in which the issue arises; by the other is meant the duty of producing evidence at the beginning or at any subsequent stage of the trial, in order to make or meet a *prima facie* case. Generally speaking, the burden of proof, in the sense of the duty of producing evidence, passes from party to party as the case progresses, while the burden of proof, meaning the obligation to establish the truth of the claim by a preponderance of evidence, rests throughout upon the party asserting the affirmative of the issue, and unless he meets this obligation upon the whole case he fails. This burden of proof never shifts during the course of a trial, but remains with him to the end. . . . Slight evidence is sufficient to shift the burden of proof of a fact from the plaintiff to the defendant, where the knowledge of such fact is peculiarly within the knowledge of the defendant, and which, in the nature of things, it would be difficult for the plaintiff to prove."

The defendant has cited several cases from other states in support of its contention but this court is of the opinion that the rule announced in *Burns et al.* v. *Brightman et al.*, *supra*, and sustained here is more in accord with better reason and the weight of authority.

· All of the defendant's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment for the plaintiff upon the verdict.

*Alfred G. Chaffee, John A. Bennett,* for plaintiff.

*Green, Hinckley & Allen, Abbott Phillips, Clifford A. Kingsley,* for defendant.