# PAUL AHLBERG AND OTHERS v. ORRIN H. GRIGGS AND ANOTHER.[1]

January 11, 1924.

No. 23,748.

**Answer of driver of appellant's automobile admissible against appellant.**
    1. A statement made by the driver of an automobile owned by appellant was admissible in evidence against the appellant, it being shown that the statement was made at the place of a collision with another automobile in which respondents were riding and that it was made immediately after the accident.

**Inference proper that driver of car is acting as agent of owner.**
    2. It may reasonably be inferred that a person who is on a public highway driving an automobile owned by another is doing so rightfully as the agent of the owner, in the pursuit of the owner's business and within the scope of the driver's employment.

Four actions in the district court for Hennepin county to recover for personal injuries. The cases were tried together before Buffington, J., who at the close of the testimony denied the motion of defendant Griggs for a directed verdict, and a jury which returned verdicts for $950, $1,775, $50 and $600. From an order denying his motion for judgments notwithstanding the verdicts or for new trials, defendant Griggs appealed. Affirmed.

*Snyder, Gale & Richards* and *George Brotherton*, for appellant.
*L. O. Rue*, for respondents.

LEES, C.

Appeal from an order denying the motion in the alternative of the defendant Griggs for judgment or a new trial after a verdict against him and his co-defendant George in each of these actions. They all grew out of a collision between a Marmon car owned by

[1]Reported in 196 N. W. 652.

appellant and driven by George and another car in which respondents were riding. At the time of the accident, George was nightman in a public garage where appellant kept his car. The treasurer of the garage company testified that before and at the time of the accident the company was furnishing appellant with storage space for his car; that he thought George was working for the company on the night of the accident; that at times he had seen appellant pick up someone at the garage to drive him to his home and bring the car back, and that after the accident the car was repaired at the garage and the bill paid either by appellant or by the insurance company. In his amended answer, after admitting that he was the owner of the car which collided with the one in which the respondents were riding and that George was then in charge of and driving the car, appellant alleged that he was not present or in control of the car at the time of the accident and that George was not in his employ and was not doing anything in his behalf or in connection with his business. Neither defendant testified nor was present at the trial, but it is contended that there was not a sufficient showing that the Marmon car was the one mentioned in the testimony of the treasurer of the garage company or that George was at the garage the night of the accident and got the car there. The contention cannot be sustained in view of the treasurer's testimony and the admissions in the answer.

Over appellant's objection, a witness for respondents was permitted to testify that after the accident, while George was still at the place where it happened, a policeman asked him what he was doing with the car and George replied that he "was taking Griggs home and was bringing the car back to the garage." Appellant contends that the statement made by George was pure hearsay and not competent proof of agency. The statement was made very shortly after the accident and while George was standing beside the Marmon car. It came within the doctrine of such cases as Lambrecht v. Schreyer, 129 Minn. 271, 152 N. W. 645, L. R. A. 1915E, 812; Roach v. Great North. Ry. Co. 133 Minn. 257, 158 N. W. 232; and Clark v. Davis, 153 Minn. 143, 190 N. W. 45.

The jury had the right to infer from the circumstances that George was using the car rightfully in the absence of contradictory proof. Ploetz v. Holt, 124 Minn. 169, 174, 144 N. W. 745. The prevailing view is that it is reasonable to presume that a person driving another's vehicle on a public highway is doing so as the agent of the owner in the pursuit of the owner's business and within the scope of his employment. Langworthy v. Owens, 116 Minn. 342, 133 N. W. 866; Piepho v. M. Sigbert-Awes Co. 152 Minn. 315, 188 N. W. 998; Enea v. Pfister, 180 Wis. 329, 192 N. W. 1018. Appellant's admission of ownership and the other facts and circumstances we have mentioned warranted the jury in inferring that at the time and place of the accident George was performing a service for Griggs and was acting within the scope of his employment, and hence his statement was admissible against Griggs. 1 Dunnell, Minn. Dig. § 3410.

It is contended that because George was an employe of the garage company the jury were bound to infer that he was serving the company instead of appellant when the accident happened. Under its contract with appellant, it was no part of the duty of the company to furnish him with a driver to take him home and bring his car back to the garage. If one of the company's employes drove appellant home at his request, the employe would be appellant's servant for the time being and he and not the garage company would be responsible for the consequences of the driver's negligence. Meyers v. Tri-State Automobile Co. 121 Minn. 68-71, 140 N. W. 184, 44 L. R. A. (N. S.) 113; Chapman v. Peoples Ice Co. 125 Minn. 168, 145 N. W. 1073.

Order affirmed.