Vance et al. *v.* The Freedom Oil Works Company,
Appellant.

Argued April 30, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Frank K. Willmann* of *Willmann, Burns and Sack,* for appellant.

*Henry X. O'Brien,* and with him *Thos. M. Marshall, Jr.,* for appellee.

OPINION BY KELLER, J., July 13, 1934:

This action was brought to recover the damages suffered by Elizabeth Carol Vance, a minor, her father, Charles C. Vance, and her mother Anna Vance, respectively, by reason of the automobile in which they were riding being sideswiped and forced off the road by an oil truck of the defendant traveling in the same direction. The truck did not stop to render assistance to the plaintiffs, whose automobile ran into a fence and overturned, but continued on its way. The accident occurred on a curve of the William Penn Highway, on Sunday, November 2, 1930, at about six thirty o'clock in the evening, while plaintiffs were traveling eastward to their home in Crafton. It was about dusk, but before the plaintiffs' car overturned, Mrs. Vance saw that the truck which had forced them off was a yellow oil truck with a "shelf" running along the side and the words "Freedom Oil" painted on the shelf.

A disinterested witness, J. D. Bigger, who was employed as a telephone "trouble man," was traveling that Sunday evening on the same road as that used by the plaintiffs, and in the same direction, and he testified that for two miles he was directly back of a yellow oil tank truck, which had in large black letters on its back, in a half moon or crescent shape, the words "Freedom Oil." He was traveling at the rate of forty-five miles an hour and the truck was going at about the same speed. After passing the truck, he overtook and passed the Vance car on the Berkowski Hill. The accident occurred shortly thereafter.

The defense was a denial that the truck which hit the plaintiffs' car and forced it off the road belonged to or was operated by the defendant, supported by evidence that its oil trucks were not used or operated on Sunday. Witnesses for the defense testified that the company owned and operated 350 oil trucks in its field of operation, covering Western Pennsylvania, Eastern Ohio and Northern West Virginia; that it had twenty plants in the Pittsburgh or Coraopolis district, where it had about one hundred dealers. The makes of trucks used by the defendant were Macks, Autocars, Sterlings and Fords. They were all painted yellow with black lettering. The photograph offered in evidence by the defendant as typical of its tank trucks showed a truck, which had printed on its rear in large black letters in an arc or curve, the words "The Freedom Oil Works Company"; that on a shelf along its side in large black letters were the words "The Freedom Oil Works Company," while above the shelf on the side of the tank, or boiler-shaped oil or gasoline container, was the word "Freedom" in large letters.

Defendant contends that as the lettering described by Mrs. Vance which she had seen on the side of the truck, and that described by Mr. Bigger as on the rear of the truck, viz., "Freedom Oil," did not correspond exactly with the words which were on the defendant's trucks, viz., "The Freedom Oil Works Company," the rule established by the Supreme Court, as illustrated in Williams v. Ludwig Floral Co., 252 Pa. 140, 97 A. 206; Holzheimer v. Lit Bros., 262 Pa. 150, 105 A. 73; Hartig v. American Ice Co., 290 Pa. 21, 137 A. 867; Partridge v. Scott Bros., 306 Pa. 60, 158 A. 790, and similar cases,—that the fact that the truck or automobile which caused the accident was a business vehicle bearing the trade name of the defendant displayed in such manner as trade or business names

are usually placed on vehicles used for trade or business purposes, raised a rebuttable presumption that the car in question was owned by defendant and was being used by the person in charge for defendant's business purposes,—did not apply; and in connection with defendant's evidence that it did not operate its trucks on Sunday, required a directed verdict in favor of the defendant.

Two things prevent our adopting this view. In the first place the words testified to by plaintiffs' witnesses were the outstanding and distinctive words of defendant's business or trade name. They were the words which would impress the casual or momentary observer. Whether they were preceded by "The," or followed by "Company" or "Inc.," would perhaps make no lasting impression on a traveler just behind, without any special interest in the subject, or on one who had but a fleeting glance in the dusk, while in immediate danger of being overturned. The arc or crescent shape of the words on the back was correctly noted by Mr. Bigger and the important and distinctive words on the shelf at the side were caught by Mrs. Vance just before her car was overturned. Neither of them testified that there were no other words on the car; they said they did not recall or remember any others. We think the testimony brings the case within the rule above mentioned.

Secondly, evidence of defendant's officers that they did not operate any of their 350 trucks on Sundays cannot, as matter of law, overcome and render valueless the force of the evidence of a disinterested witness who saw one of its trucks being operated on this very Sunday close to the time of the accident, and near to and approaching the place where it occurred, and who followed it on the road for two miles; especially, when in rebuttal one of defendant's dealers in the neighborhood testified that while not usually operated on Sun-

day, a truck would be sent out in case of emergency, and recalled an instance several months before the accident when a delivery by one of defendant's trucks on special call had been made to him on a Sunday.

This evidence might have recalled to the jury the Gilbertian quip in Pinafore, "What, Never?" "No, Never!" "What, Never?" "Well, Hardly ever!"

The assignments of error deal only with the refusal of the court below to hold that the evidence on behalf of the plaintiffs was not sufficient to bring the case within the presumption referred to, and hence required a directed verdict for the defendant or judgment non obstante veredicto in its favor.

As, in our view, the matter was one of fact for the jury, the assignments are overruled and the judgments affirmed.