## TYLER MILK PRODUCTS CO. v. SHIPMAN et al.

### No. 5409.

Court of Civil Appeals of Texas.
Texarkana.

May 5, 1939.

Rehearing Denied May 11, 1939.

Thompson, Knight, Baker, Harris & Wright and Rhodes S. Baker, Jr., all of Dallas, for appellant.

M. G. Mell, of Gilmer, for appellees.

JOHNSON, Chief Justice.

This appeal is by Tyler Milk Products Company, defendant below, from an order of the court overruling defendant's motion to strike the controverting affidavit filed by plaintiffs, T. L. Shipman and others, and overruling defendant's plea of privilege.

Plaintiffs filed their suit in the County Court of Upshur County, seeking to recover damages against the defendant, resulting from a collision occurring in Upshur County between defendant's truck and plaintiff's truck, caused by alleged negligence of defendant's driver. Citation was issued and served on the defendant, returnable May 17, 1937. On May 15th defendant filed its plea of privilege to be sued in Smith County, the county of its residence. The plea of privilege is in statutory form, meeting the requirements of R.S. Article 2007, and shows that the defendant is a corporation having its domicile in Smith County. On June 11th at the appearance term, but more than five days after appearance day, plaintiffs filed their affidavit controverting defendant's plea of privilege, according to the allegations of which venue of the case was shown to be in Upshur County under exceptions 9 and 23 of Article 1995. On June 30th defendant filed its motion to strike plaintiffs' controverting affidavit and on July 31st filed its second motion to strike plaintiffs' controverting affidavit. On August 6th plaintiffs filed their reply to defendant's motion to strike, in which reply plaintiffs alleged certain facts, hereinafter recited, as good cause for their delay in filing of

the controverting affidavit. On August 12th a hearing was had on the motion to strike and upon the plea of privilege, resulting in judgment of the court overruling the motion to strike and overruling the plea of privilege.

Appellant's first contention is that the trial court erred in overruling its motion to strike plaintiff's controverting affidavit, because, it is contended, plaintiffs showed no good cause for their failure to file the controverting affidavit within five days after appearance day, the time prescribed by Article 2007.

Article 2007 provides: "If the plaintiff desires to controvert the plea of privilege, he shall within 5 days after appearance day file a controverting plea under oath, setting out specifically the * * * facts relied upon to confer venue of such cause on the court where the cause is pending."

Article 2008 provides: "Upon the filing of such controverting plea, the judge or justice of the peace shall note on same a time for a hearing on the plea of privilege. Such hearing, unless the parties agree on the date, shall not be had until a copy of such controverting plea, including a copy of such notation thereon, shall have been served on each defendant, or his attorney, for at least ten days exclusive of day of service and the date of hearing, after which the court shall promptly hear such plea of privilege and enter judgment thereon."

On the issue of good cause plaintiff's attorney testified that prior to appearance day of the May Term, 1937, and prior to the filing of defendant's plea of privilege, Hon. J. T. Maberry, County Judge of Upshur County, informed plaintiffs' attorney that because of the lack of a suitable place to hold court and because of the inconvenience of attempting to hold same at any available place, while the court house was then under construction, that all civil and criminal business of his court would be suspended and postponed until the regular August Term, 1937; and that no action would be taken or any order made in any cases pending in his court at the May Term thereof; that as a result of such information and statements so made to him by the county judge, plaintiffs' attorney did not inspect the files in this case or inquire as to whether or not a plea of privilege or answer of any kind had been filed by the defendant, and did not learn of the filing of the defendant's plea of privilege until about June 8, 1937, whereupon he promptly filed a controverting affidavit.

It is held that the filing of a plea of privilege does not deprive the court of jurisdiction of the subject matter of venue, and for good cause shown it may permit a controverting plea to a plea of privilege to be filed after the lapse of time prescribed by statute. Texas-Louisiana Power Co. v. Wells, 121 Tex. 397, 48 S. W.2d 978, and subsequent authorities. As to what facts constitute good cause is a matter in the first instance to be determined by the trial court, as any other issue of fact. We are unable to say that the trial court's judgment in the determination of that issue is without support in evidence.

Appellant's second contention is that the trial court erred in overruling its plea of privilege, in that, it is contended, plaintiffs failed to show that defendant was suable in Upshur County. No contention is made but that the defendant is a corporation and that plaintiffs' cause of action, if any they have, arose in Upshur County, the county in which the suit is pending. Nor does the defendant challenge the sufficiency of plaintiffs' evidence showing a prima facie case of trespass in Upshur County by some one. Defendant challenges the sufficiency of the evidence to show that the trespass was committed by defendant's agent, servant or employee, acting in the course of defendant's business.

Plaintiffs introduced testimony of F. C. Youngblood, who testified that he was the driver of plaintiffs' truck at the time of the collision and to the effect that it was run into by a truck alleged to be that of the defendant; that it was a refrigerator truck, and had a refrigerator box on it for handling milk; that at the time of the collision he immediately made inquiry of the driver of the truck as to who he was, and that the driver of said truck took from the seat of his truck and gave to the witness a "card, a red shipping tag, with his name on it and his firm's name on it." The card, a shipping tag, was introduced in evidence, and shows to be that of "Tyler Milk Products Company, Tyler, Texas," and the driver's name to be Gerald Shipply. Defendant offered no controverting evidence. We think the evidence was sufficient to raise the inference that the truck was owned and operated by the defendant, and is within the holding of those cases in which the presence of

the defendant's monogram or insignia printed on a truck has been held sufficient to raise the inference that the defendant owned and was operating the truck at the time of the collision. Younger Bros. v. Power, Tex.Civ.App., 92 S.W.2d 1147; Globe Laundry v. McLean, Tex.Civ.App., 19 S.W.2d 94; Mrs. Baird's Bakery v. Davis, Tex.Civ.App., 54 S.W.2d 1031; Austin Bros. v. Sill, Tex.Civ.App., 83 S. W.2d 716.

The judgment is affirmed.