**BARTSCH v. RUBY.**

No. 12091.

Court of Civil Appeals of Texas.
San Antonio.

March 22, 1950.

Rehearing Denied April 19, 1950.

G. Woodson Morris, San Antonio, for appellant.

Scott, Wilson & Cureton, Waco, for appellee.

NORVELL, Justice.

This is an appeal from an order sustaining a plea of privilege. The case grew out of a collision between a truck and an automobile. Exception 9, Article 1995, Vernon's Ann.Civ.Stats., amended 1947, is involved, as it is contended that defendant's alleged servant, the driver of the truck, committed certain acts proscribed by the penal provisions of the Uniform Act Regulating Traffic on Highways, Acts 1947, 50th Leg. p. 967, ch. 421, Article 6701d, Vernon's Ann.Civ.Stats., which also constituted "trespasses" within the meaning of the venue exception.

The defendant below, the appellee here, offered no evidence upon the trial. Because of this circumstance, it is urged that plaintiff made out a prima facie case and the judgment therefore should be reversed.

In the opinion of Medford v. First National Bank of Evant, Tex.Civ.App., 212 S.W.2d 485, loc. cit. 488, appears a quotation from Clay v. Moore, Tex.Civ.App., 175 S.W.2d 433, which seemingly lends support to this position. However, in this jurisdiction, we follow the rule that a venue fact must be established by a preponderance of the evidence. We think this rule is generally applicable to plea of privilege cases and is that stated in Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. See also, Heard & Heard v. Kuhnert, Tex.Civ.App., 155 S.W.2d 817.

If evidence supporting a venue fact be uncontradicted, prima facie sufficient and credited by the trial court (or jury), the issue is thereby established by the preponderance of the evidence. There are certain rules relating to the blindingness of uncontroverted evidence upon the trier of facts and most of them are mentioned and discussed by the Supreme Court in the recent case of Flack v. First National Bank of Dalhart, 226 S.W.2d 628. These rules may be stated as follows:

1. A jury (or a judge sitting without a jury) has no right to disregard testimony which is neither controverted nor inherently improbable given by an unimpeached and uncontradicted witness, who is not interested in the outcome of the lawsuit, nor shown to be biased or prejudiced in favor of either side. Sutherland v. Cotter, Tex.Civ.App., 226 S.W.2d 476.

2. As a general rule a fact issue supported by the uncontradicted testimony of an interested witness must be submitted to the jury because the question of the credibility of the witness is involved. "Stated in another form, the rule is that the uncontradicted, uncorroborated testimony of a party to a suit will not authorize or support an instructed verdict". Simmonds v. St. Louis, B. & M. Ry. Co., 127 Tex. 23, 27, 91 S.W.2d 332, 334.

3. It is, however, stated as an exception to the above rule that when the testimony of an interested party relating to a fact issue is clear, positive, unequivocal and free from suspicion and it appears that the opposing party had the means and opportunity of disproving the testimony if it were not true and failed to do so, the issue is taken as established as a matter of law. McGuire v. City of Dallas, 141 Tex. 170, 170 S.W.2d 722. In applying this rule it will be seen that the failure of a litigant to produce testimony may be and often is an important and controlling factor in a case. Sutherland v. Cotter, Tex.Civ.App., 226 S.W.2d 476, 477.

4. When the testimony bearing upon an issue is equally susceptible to two interpretations, the onus of proof is decisive. Davis v. Castile, Tex.Com.App., 257 S.W. 870.

In an automobile collision case the evidence of one of the contending parties is generally susceptible of contradiction by the opposing party if it be untrue. For the most part, this case is not shown to vary from the usual situation. However, the judgment must be affirmed because we must presume that the trial judge found that the relationship of master and servant between appellee and the driver of the truck was not established by a preponderance of the evidence. Under the fourth rule above set out, it must be held that this finding is in accordance with the evidence. Appellant's wife testified to a conversation with appellee which occurred after the collision. She said that Ruby told her that the truck was not his and that "Mr. Whiteley was driving the truck for him." Afterwards Mrs. Bartsch repeated this testimony in substance. She testified that, "I asked him what his name was, and he said Ruby, and I asked him if that wasn't his truck, and he said 'No, the man was driving for me— Mr. Whiteley was driving for me.'"

This is all the testimony on the point and is insufficient to show, as a matter of law, that Whiteley, the driver and owner of the truck, was the servant of Ruby at the time of the collision. The statement that "Whiteley was driving the truck for him (Ruby)," fails to disclose the legal relationship existing between Whiteley and Ruby. It is as consistent to say that Whiteley was an independent con-

tractor as it is to say that Whiteley was the servant of Ruby. It is consequently not shown, as a matter of law, that the doctrine of respondeat superior has application to the case. Texas Reciprocal Ins. Ass'n v. Stadler, 140 Tex. 96, 166 S.W.2d 121.

The order appealed from is affirmed.