WALKER v. JOHNSTON et al.

No. 12206.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 10, 1951.

Rehearing Denied Feb. 7, 1951.

Willett Wilson, Houston, for appellant.

M. J. Flahive, Alfred M. Scott, Austin, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Gordie Walker in the District Court of Calhoun County against W. B. Johnston, W. B. Johnston, Jr., and W. W. Johnston, individually, and W. B. Johnston and Sons, a co-partnership composed of said individuals, and Juan Gonzales, seeking to recover damages sustained by him as the result of a collision between a truck driven by Juan Gonzales and an automobile driven by Gordie Walker. Pleas of privilege were filed by each of the defendants and after hearing evidence the trial court sustained the plea of privilege of W. B. Johnston, W. B. Johnston, Jr., W. W. Johnston and W. B. Johnston and Sons, a co-partnership, and ordered the case, insofar as it affected them, transferred to the District Court of Victoria County, and overruled the plea of privilege of the defendant Juan Gonzales, driver of the truck, from which judgment Gordie Walker has prosecuted this appeal.

The evidence shows that on the 29th day of May, 1950, the defendant Juan Gonzales was traveling in a southwesterly direction, driving a truck-tractor and semi-trailer, over Highway 35, when a collision occurred with a 1950 model Tudor Ford Sedan automobile operated by Gordie Walker on the same Highway and traveling in the same direction as the tractor-truck and semi-trailer, in Calhoun County, Texas. There was evidence offered tending to show that the truck-tractor and semi-trailer was being operated in violation of law by Juan Gonzales, in that it was dark and more than two hours after sunset, and such truck-tractor and semi-trailer did not have burning a tail light or any visible reflectors on the rear end, in violation of Penal Code,

Articles 798 and 827a, Vernon's Ann.P.C. arts. 798, 827a.

The trial judge in overruling the plea of privilege of Juan Gonzales necessarily found that he was guilty of committing a crime or offense in Calhoun County at the time of the collision. Therefore, the only question raised is whether or not the evidence conclusively connected the other defendants with the commission of this crime or offense. If the defendants were conclusively connected with the crime or offense, then their pleas of privilege should have been overruled by the trial court.

The theory relied upon by the plaintiff was that this truck-tractor and semi-trailer was owned and operated by a co-partnership under the trade name of W. B. Johnston and Sons, and that W. B. Johnston, W. B. Johnston, Jr., and W. W. Johnston composed the partnership. The only testimony tending to connect the Johnstons with the operation of the truck-tractor and semi-trailer was given by Leonard M. Fisher, Sheriff of Calhoun County. He was asked the following question and gave the following answer:

"Q Did the cab have any lettering on it? A Yes, sir, as I remember, it was 'W. B. Johnston and Sons, Victoria,' but I know it was Johnston and Sons."

While the answer by the Sheriff is not unequivocal that the firm name of "W. B. Johnston and Sons, Victoria," was printed on the door of the cab, for the purpose of this opinion we shall treat this testimony as conclusively establishing the fact that such firm name was printed upon the door of the cab of this truck-tractor.

■ Each of the Johnstons in filing his plea of privilege described himself as a member of the firm of W. B. Johnston and Sons, so we may take it that they were in fact members of the firm of W. B. Johnston and Sons, which will distinguish this case from that of Dillard v. Smith (Rusin v. J. A. & E. D. Transport Co.), 146 Tex. 227, 205 S.W.2d 366.

Appellant contends, the fact that the truck-tractor bore the name of the partnership, W. B. Johnston and Sons, was sufficient to conclusively establish the fact that this truck-tractor and semi-trailer was owned by the partnership and that Juan Gonzales the driver of the truck was the agent of the firm and at the time of the collision was driving the truck in the course of his employment. There are many cases holding that where the name of a corporation or an individual is printed on the side of a truck it is sufficient to justify the inference that the corporation or individual is the owner of the truck and that its driver is the agent of the corporation or individual and was acting at the time in the course of its or his employment. J. H. Robinson Truck Lines, Inc., v. Jones, Tex.Civ.App., 139 S.W.2d 129; Globe Laundry v. McLean, Tex.Civ.App., 19 S.W.2d 94, 95; Mrs. Bairds' Bakery v. Davis, Tex.Civ.App., 54 S.W.2d 1031, 1032; Freeman v. Texas Bread Co., Tex.Civ.App., 111 S.W.2d 307; Younger Bros. v. Power, Tex.Civ.App., 92 S.W.2d 1147; R. S. Duke & Sons v. Burk, Tex.Civ.App., 233 S.W.2d 617; J. A. & E. D. Transport Co. v. Rusin, Tex.Civ.App., 202 S.W.2d 693; Highway Motor Freight Lines v. Slaughter, Tex.Civ.App., 84 S.W.2d 533; Austin Bros. v. Sill, Tex.Civ.App., 83 S.W.2d 716; Claer v. Oliver, Tex.Civ.App., 62 S.W.2d 354; Harper v. Highway Motor Freight Lines, Tex.Civ.App., 89 S.W.2d 448; Roadway Express v. Gaston, Tex.Civ.App., 90 S.W.2d 874; Weber v. Reagan, Tex.Civ.App., 91 S.W.2d 409; Southern Underwriters v. Girard, Tex.Civ.App., 107 S.W.2d 775; Howell v. J. Mandelbaum & Sons, 160 Iowa 119, 140 N.W. 397; Peveto v. Smith, Tex.Civ.App., 113 S.W.2d 216, affirmed in part, 134 Tex. 308, 133 S.W.2d 572; Tyler Milk Products Co. v. Shipman, Tex.Civ.App., 129 S.W.2d 444.

■ But we have been unable to find any case holding that such circumstance conclusively establishes the fact of ownership, agency and scope of employment. The firm's name being on the truck could be nothing more than a circumstance which would be sufficient to support the trier of facts in finding that the driver of a truck was the agent of the firm and was acting at the time in the course of his employment,

but would not compel him to do so. It creates only an inference and not a presumption of law. 9 Blashfield's Cyclopedia of Automobile Law, § 6057, p. 370; Pozzobon v. O'Donnell, 1 Cal.App.2d 151, 36 P.2d 236; Middletown Trust Co. v. Bregman, 118 Conn. 651, 174 A. 67; McMullen v. Warren Motor Co., 174 Wash. 454, 25 P.2d 99.

In Montgomery v. Hutchins, 9 Cir., 118 F.2d 661, 665, the Court said: "Where, as here, evidence is admitted showing that a third person is operating the automobile, that the automobile belonged to the defendant, and that the third person is in the employ of the defendant, then the jury may, but is not compelled to, make the inference that the third person was acting within the scope of his employment. If defendant chooses to rest without introducing any evidence, then it is for the jury to determine whether or not it wishes to make the inference."

■■ Here the trial judge, in exercising his discretion as the trier of facts, refused to make the inference that the firm was the owner of the truck and that the driver was the agent of the firm, or that the driver was acting in the course of his employment, and it becomes our duty to engage every reasonable presumption and intendment in favor of and in support of the action of the trial judge. We are unwilling to hold that the mere circumstances that the name of the firm appeared on the door of the truck would be sufficient to compel the trier of facts to find that the firm was the owner of the truck-tractor and semi-trailer, that the driver was the agent of the firm and was acting at the time in the course of his employment.

■ What was said in Howell v. J. Mandelbaum & Sons, 160 Iowa 119, 140 N.W. 397, 399, might well be here copied: "The name on tools or vehicles and articles generally is commonly accepted as indicating ownership, and, though not of much probative weight, it is enough, in the absence to the contrary, to carry the issue to the jury. This rule is not unreasonable, for, if the inference is not correct, no one

ordinarily is in a better situation to establish the fact than the party so named."

■■ In passing, we may call attention to the fact that there is no evidence here as to the license number on the truck-tractor and semi-trailer, no evidence as to what business W. B. Johnston and Sons of Victoria were engaged in, and if engaged in the transportation business whether they had a certificate of convenience and necessity authorizing them to operate this particular truck-tractor and semi-trailer, and as to whether or not they were carrying insurance upon this particular truck-tractor and semi-trailer as required by law. If these facts had been shown by evidence or admissions the presumption of ownership by the co-partnership would have been greatly strengthened.

The judgment of the trial court is affirmed.

NORVELL, Justice (dissenting).

The Fiftieth Legislature amended Exception 9 of Article 1995, Vernon's Civil Stats., so as to read as follows: "9. Crime or trespass.—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, *whether committed by the defendant or by his agent or representative,* or in the county where the defendant has his domicile. As amended Acts 1947, 50th Leg., p. 739, ch. 366, § 1."

Undoubtedly the purpose of the Legislature in adding the additional words (above italicized) was to change the rule announced originally in Austin v. Cameron, 83 Tex. 351, 18 S.W. 437, wherein it was held that venue of a case against an employer could not be maintained in the county where a servant committed a crime, unless it was shown that the employer was also guilty of the commission of the crime in the capacity of a principal, accomplice or accessory, even though the employer might be civilly responsible for damages by reason of his servant's act under the doctrine of respondeat superior. See Mercer v. McCurley, 142 Tex. 197, 176 S.W.2d 923, for a discussion of the history of the

"crime clause" of exception 9, prior to the 1947 amendment.

The undisputed evidence in this case shows that the driver of the tractor-trailer truck combination committed a crime or offense in Calhoun County, where this suit was filed. The plea of privilege of Juan Gonzales, evidently the driver of the truck, was overruled. All other pleas were sustained.

In their respective pleas of privilege, W. B. Johnston, W. B. Johnston, Jr., and W. W. Johnston, each alleged that he was a member of the partnership firm of W. B. Johnston and Sons. This co-partnership also filed a plea of privilege as a legal entity under Rule 28, Texas Rules of Civil Procedure. It therefore appears conclusively that W. B. Johnston, W. B. Johnston, Jr., and W. W. Johnston were partners in the firm of W. B. Johnston and Sons.[1]

Leonard M. Fisher, the Sheriff of Calhoun County, and a wholly disinterested witness, testified that he investigated the collision between plaintiff's Ford automobile and a trailer-truck, which occurred about 9:30 p. m. on the causeway north of Port Lavaca in Calhoun County. According to the sheriff, the trailer-truck was loaded with cattle and the cab thereof bore the lettering, "W. B. Johnston and Sons, Victoria."

Neither W. B. Johnston, W. B. Johnston, Jr., nor W. W. Johnston testified. No one denied that the truck belonged to W. B. Johnston and Sons, nor that the truck was being operated for and on behalf of W. B. Johnston and Sons in due course of business at the time the collision took place. Although it is patent that the testimony of the sheriff, if untrue, could have been easily contradicted, no one denied that the truck bore the insignia of "W. B. Johnston and Sons."

Based upon the undisputed testimony that the truck bore the lettering, "W. B. Johnston and Sons" and the failure of defendants to offer any testimony, the law raises a presumption that the defendants owned the truck and that the driver was using it in the defendants' behalf.

This Court in the Rusin case, above mentioned, 202 S.W.2d 693, 700, quoted an excerpt from Blashfield's Cyclopedia of Automobile Law and Practice, which directly supports the proposition above asserted. In view of the argument of the majority that we are not here concerned with a "presumption" but a mere inference that a trial court or jury might or might

---

1. This circumstance distinguishes this case from that of Dillard v. Smith, 146 Tex. 227, 205 S.W.2d 366, 367, wherein the Supreme Court differed with this Court's interpretation of Rule 28, R.C.P., set forth in J. A. & E. D. Transport Co. v. Rusin, Tex.Civ.App., 202 S.W.2d 693. The Supreme Court said:

"* * * * The Court of Civil Appeals concluded that the plaintiff was not required to prove that Coy Dillard and Edna Dillard in fact owned or operated the transport company.

"We think that the Court of Civil Appeals erred in this conclusion. In the present case we do not think that 'J. A. and E. D. Transport Company' is properly to be considered as an entity apart from the individuals who are named as defendants. There is no allegation that the business is a partnership. As a matter of law, the petitioner Edna Dillard, a married woman, could not be a member of a partnership unless her disabilities of coverture had been removed. Miller v. Marx & Kempner, 65 Tex. 131;

Smith v. Bailey, 66 Tex. 553, 1 S.W. 627; Wright v. State, Tex.Civ.App., 71 S.W.2d 352, 353. It is merely alleged in the petition here that Coy Dillard and Edna Dillard operate and do business under the trade name of J. A. and E. D. Transport Company. We think that under the allegations in this case the only defendants are Coy Dillard and Edna Dillard, and that 'J. A. and E. D. Transport Company' is merely the name of the business which the defendants are alleged to have been operating."

Although numerous other points were discussed in J. A. and E. D. Transport Co. v. Rusin, Tex.Civ.App., 202 S.W.2d 693, the Supreme Court did not disapprove of any holding other than the one above pointed out relating to Rule 28. The Supreme Court expressly stated that it was unnecessary to pass upon other matters presented in the petition for mandamus. It would seem that upon all other points the holdings set forth in the Rusin opinion should be followed by this Court.

not draw as it sees fit, it may be helpful to quote all of Section 6056 from Blashfield. The portion heretofore quoted in the Rusin case is shown in italics.

"§ 6056. Name on Automobile

"In an action for injuries to a 7-year-old girl who was struck by a truck while crossing the street, evidence showing that defendant's name was painted on the outside of the truck, where defendant's pleadings put the fact of ownership and control in issue, prima facie proved such ownership and control.

"Such presumption was not conclusive, however, and the defendant could offer proof to show that the truck was not in fact owned and operated by the defendant at the time of the accident, but was owned and operated by another under a contract with the defendant, and that the servant operating the truck at such time was the servant of such other person.

"Likewise prima facie evidence of the ownership of a motorbus arose from the fact that it was marked with the name 'Greyhound Lines.' While this presumption was rebuttable, it was not overcome by testimony of the driver that he was operating the bus for a company of another name, since a corporation operating a motor-bus as a common carrier for hire, under a state franchise, is liable for negligent operation of the bus by another with its permission.

"In an action against the 'Silent Automatic Sales Corporation' for injuries sustained in an intersectional collision between an automobile and a truck bearing the words 'Silent Automatic,' as well as the address of the place of business of the corporation, a presumption of the corporation's liability arose, which presumption would vanish only when rebutted by uncontradicted proof.

"*The general rule drawn from these particular cases and supported by the great weight of authority is that the fact that the name of the defendant was painted or inscribed in some manner on the motor vehicle which inflicted the injury sued for raises a presumption, or prima facie evidence, that the defendant owned such vehicle, and that the driver was using it in defendant's behalf.*

"This presumption is rebuttable and vanishes in the face of evidence establishing the contrary." 9 Blashfield, Part 2, p. 366.

Neither the word "presumption" nor the phrase, "prima facie evidence" as used in the above quotation should be given an uncertain or doubtful meaning. In American Jurisprudence it is said that:

"* * * Under the more conventional classification or inferences and presumptions, an inference is regarded as a permissible deduction from the evidence before the court which the jury may accept or reject or accord such probative value as it desires, while a presumption is characteristically, a rule of law fixed and relatively definite in its scope and effect, which attaches to certain evidentiary facts and is productive of specific procedural consequences respecting the duty of proceeding with the evidence." 20 Am. Jur. 165, Evidence, § 162.

"When the party having the burden of proof establishes a prima facie case, he will prevail, in the absence of proof to the contrary offered on the part of his opponent. If the latter would avoid the effect of such prima facie case, he must produce evidence to meet it." 20 Am. Jur. 1102, § 125.

In McCormick and Ray, Texas Law of Evidence, p. 57, § 36, it is said, under the heading "Prima Facie Case or Prima Facie Evidence," that:

"In their discussions of the burden of proof and presumptions the courts frequently use the term prima facie case or prima facie evidence. Thus, it is said that a presumption establishes prima facie the existence of the fact presumed. But the term is used in two different senses: (1) It is sometimes used in the sense of sufficient evidence to go to the jury. In this sense prima facie case refers to that stage of the proceeding where the party having the first burden of producing evidence has discharged this burden and is entitled to have the jury consider his case. (2) Prima facie is also employed in a differ-

ent sense. It is applied where the party has not only produced sufficient evidence to avoid an adverse peremptory ruling but has gone further and by a general mass of strong evidence or a presumption has entitled himself to a directed verdict if the opponent fails to proceed with the evidence. While it is not altogether clear from the decisions, it is believed that the Texas courts more often use the term 'prima facie case' in the latter sense."

As supporting the last statement above quoted, the following explanatory note is set forth (p. 58):

"Two things point to this conclusion:

"(1) The cases which say that when a prima facie case is made out the burden is upon the opposite party to overcome or rebut it. Clark v. Hills (1886) 67 Tex. 141, 2 S.W. 356 (Syl. 4); Houston & T. C. Ry. Co. v. Cowser (1882) 57 Tex. 293; Thornell v. Missouri State Life Ins. Co. ([Tex.Civ.App.] 1921, Texarkana) 229 S. W. 653 (Syl. 4), affirmed in ([Tex.]Com. App. 1923) 249 S.W. 203; Meyers v. Baylor University in Waco ([Tex.Civ.App.] 1928, Dallas) 6 S.W.2d 393.

"(2) The cases which say that a prima facie case shifts the burden of proceeding or producing evidence. Thornell v. Missouri State Life Ins. Co., supra; St. Louis Southwestern R. Co. of Texas v. Parks (1903) 97 Tex. 131, 76 S.W. 740; Thetford v. Modern Woodmen of America ([Tex.Civ.App.] 1925, Austin) 273 S.W. 666 (Syl. 21)."

Referring specifically to matters of venue, would it be seriously contended that the part of Rule 86, R. C. P., which provides that "such plea of privilege when filed shall be prima facie proof of the defendant's right to change of venue", means only that the defendant is entitled to go to the jury on the issue, even though no evidence be introduced contradicting the allegations of the plea?

It seems reasonably clear to me that in Blashfield the terms, "presumption" and "prima facie evidence," were used advisedly and that the plain purport of the section quoted is that the fact that the name of the defendant was painted or inscribed in some manner upon the motor vehicle establishes the fact that the vehicle was owned by the defendant and was being used in the defendant's behalf, subject, of course, to the defendant's right to rebut the deduction by the introduction of contradicting evidence. In other words, the burden of going forward with the evidence passes from the plaintiff to the defendant.

In numerous cases trial judges have acted in accordance with the presumption arising from the fact that the vehicle bore the defendant's name, and consequently upon appeal there was no necessity for the appellate courts to distinguish between an "inference" and a "presumption," as an inference acted upon has the effect of a presumption. Also, in some opinions, the term "inference" is given a broad meaning which includes both fact inferences and legal presumptions. I am not, however, persuaded that the fact that most trial judges have given effect to the presumption and that this is reflected in reported appellate decisions constitutes a valid argument on behalf of the "permissive inference" that a judge or jury can find either way upon undisputed evidence.

The fact that the defendant's name is upon a truck gives rise to a presumption that the vehicle belongs to him and is being used in his behalf, but this circumstance can not give rise to the conflicting inference that the defendant did not own the truck and that it was not being used in his behalf. The rule of Commercial Standard Ins. Co. v. Davis, 134 Tex. 487, 137 S.W.2d 1, is not applicable here. Nor is there a question of credibility of witnesses involved, for "A jury (or a judge sitting without a jury) has no right to disregard testimony which is neither controverted nor inherently improbable given by an unimpeached and uncontradicted witness, who is not interested in the outcome of the lawsuit, nor shown to be biased or prejudiced in favor of either side. Sutherland v. Cotter, Tex.Civ.App., 226 S.W.2d 476." Bartsch v. Ruby, Tex.Civ.App., 229 S.W.2d 105, 106.

Further, the branded car doctrine does not violate the rule "that one presumption or inference can not be built upon another,"

(an oversimplified statement of the rule). In Cappello v. Aero Mayflower Transit Co., 116 Vt. 64, 68 A.2d 913, 915, it was said that:

"Defendant's name upon the truck was prima facie proof that the defendant owned it. 42 Am.Jur., Property, § 41; Howell v. J. Mandelbaum & Sons, 160 Iowa 119, 140 N.W. 397, Ann.Cas. 1915D, 349; Kellogg v. Church Charity Foundation, 203 N.Y. 191, 96 N.E. 406, 38 L.R.A.,N.S., 481, Ann.Cas.1913A, 883; Dennery v. Great Atlantic & Pacific Tea Co., supra [82 N.J.L. 517, 81 A. 861]. Defendant's name upon the truck was also prima facie proof that the defendant had its custody and control, whether it owned it or not. Simon v. City Cab Co., 64 App.D.C. 364, 78 F.2d 506; Callas v. Independent Taxi Owners' Ass'n, 62 App.D.C. 212, 66 F.2d 192; Breen v. Dedham Water Co., 241 Mass. 217, 135 N.E. 130. From this evidence, plus the evidence that the truck was being driven upon the highway, a presumption arises that at the time it was being operated in the regular course of his employment by an agent or servant of the defendant, its owner or custodian. In so holding we apply the rule given in Gero v. John Hancock Mutual Life Ins. Co., 111 Vt. 462, 479, 480, 18 A.2d 154, that a given state of facts may give rise to two or more inferences, and in such case one inference is not built upon another, but each is drawn separately from the same evidence."

In J. A. & E. D. Transport Co. v. Rusin, Tex.Civ.App., 202 S.W.2d 693, 701, it was said that:

"The basis of the rule is the well-known and usual practice of commercial firms relating to branded vehicles.

"Such vehicles are generally operated by employees of the owners thereof within the course of their employment. This is obvious to all who care to observe the movements of produce, commodities and persons being transported over the highways of this State. The use of a branded vehicle for an unauthorized purpose or by an unauthorized individual is a departure from the common and the usual, so that when it occurs, the corporation, partnership or individual whose insignia appears upon the vehicle must disclose the unusual circumstance and dispel the presumption or inference. Obviously, the rule of inference applicable to branded vehicles is not necessarily the same as the rules applicable to other types of vehicles."

The presumption of a vehicle's being used on behalf of a defendant is much stronger when it appears that the defendant's name is on the vehicle, for the reason that this type of conveyance is generally not loaned out to other persons, nor does the owner thereof ordinarily allow an employee to use the vehicle for purposes outside the scope of his employment. After all, neither a freight conveyance, a moving van, nor a cattle truck (and these are fair examples of branded vehicles) is suited for use by an employee who desires to embark upon a "frolic of his own." While not the same as the presumption involved here, it seems to be the majority American rule that a presumption of use on the defendant's behalf arises from proof of ownership of the vehicle (branded or unbranded) by the defendant. In Cappello v. Aero Mayflower Transit Co., 116 Vt. 64, 68 A.2d 913, 914, it was said:

"According to the annotations in 42 A.L.R. 898–922, 74 A.L.R. 951–968, and 96 A.L.R. 634–645, a majority of our state courts take the view that, in an action for injuries from being struck by an automobile, proof that the automobile was owned by the defendant at the time of the accident makes out a prima facie case that the operator of the automobile was engaged in the defendant's service, or, in other words, that a rebuttable presumption, or an inference, arises, from proof of the defendant's ownership of the automobile, that at the time of the injury the automobile was being operated by him, or by his servant or agent under circumstances which would render him liable under the doctrine of respondeat superior. The following are some of the cases so holding: Giblin v. Dudley Hardware Co., 44 R.I. 371, 117 A. 418; St. Andrassy v. Mooney, 262 N.Y. 368, 186 N.E. 867; Ferris v. Sterling, 214 N.Y. 249, 108 N.E. 406, Ann.Cas.1916D, 1161; Den-

nery v. Great Atlantic & Pacific Tea Co., 82 N.J.L. 517, 81 A. 861, 39 L.R.A.N.S., 574; Mehan v. Walker, 97 N.J.L. 304, 117 A. 609; Vonderhorst Brewing Co. v. Amrhine, 98 Md. 406, 56 A. 833; Pennsylvania R. Co. v. Lord, 159 Md. 518, 151 A. 400; Alabama Power Co. v. McGehee, 228 Ala. 505, 154 So. 105; Landry v. Oversen, 187 Iowa 284, 174 N.W. 255; Ahlberg v. Griggs, 158 Minn. 11, 196 N.W. 652; Philip v. Schlager, 214 Wis. 370, 253 N.W. 394; Judson v. Bee Hive Auto Service Co., 136 Or. 1, 5, 294 P. 588, 297 P. 1050, 74 A.L.R. 944.

"The reason given by the courts in so holding is to the effect that the owner may well be assumed to know how and by whom his property is being used; and if he denies that the automobile was being operated by or for him, it is not too much to exact from him a showing of the facts claimed to sustain such denial. The rule proceeds upon the theory that the facts are peculiarly within the knowledge of the defendant, who can easily furnish the necessary evidence to show that the automobile was not being used for him, if such is the fact; and though this rule occasionally works a hardship upon the defendant, a less liberal rule would frequently result in hardship to the plaintiff."

In my opinion, the plaintiff here made out a valid prima facie case. It was shown by direct evidence and by evidence giving rise to a legitimate presumption, that:

1. The driver of the truck committed a crime in Calhoun County.

2. That the truck was owned by the defendants and was being used by the driver in their behalf.

3. That there was a causal connection between the crime or offense committed by the truck driver and the plaintiff's injuries.

The effect of this prima facie case, coupled with defendants' silence, was sufficient to *control the judgment,* and not merely to take the case to the jury or the trier of facts, which in this case was the trial judge. "When plaintiff makes a prima facie case the respondent then takes the laboring oar". Silent Automatic Sales Corporation v. Stayton, 8 Cir., 45 F.2d 471, 473. If in truth and in fact the truck here involved was not being used in the course of defendants' business operations, despite the fact that the name of their firm was inscribed upon it, it is not unreasonable to expect them to bring forward evidence and dispel the rebuttable presumption raised against them. Cappello v. Aero Mayflower Transit Co., 116 Vt. 64, 68 A. 913. Defendants' failure to produce evidence reminds one of the "curious incident of the dog in the night time,"[2] and constitutes a controlling element in this case. I am inclined to agree with what Mr. Justice Cody said in Farley v. Nix, Tex.Civ.App., 199 S.W.2d 670, 671, in discussing the matter of silence on behalf of a defendant, viz:

"In this category falls the testimony of plaintiff's two witnesses to the effect that they had seen on separate occasions two instances of trucks on the highway in Harris County, which bore defendant's name. From such evidence it could reasonably be inferred that the trucks in question belonged to defendant, and the drivers were his employees. See J. H. Robinson Truck Lines v. Jones, Tex.Civ.App., 139 S.W.2d 127, 129, and authorities there cited. Since the defendant chose to rely upon the insufficiency of plaintiff's evidence, and did not question its truth, the evidence must be taken to be true."

It seems to me that the theory of "permissive inference" advanced by the majority tends toward uncertainty and confusion and fosters trial tactics which should be outmoded. Under the majority opinion no one can safely rely upon the "branded vehicle" doctrine. The judge of one district might choose to draw the "permissive

2. " 'Is there any point to which you would wish to draw my attention?'
" 'To the curious incident of the dog in the nighttime.'
" 'The dog did nothing in the nighttime.'

" 'That was the curious incident,' remarked Sherlock Holmes." (Silver Blaze, Adventure XIII, Memoirs of Sherlock Holmes.)

inference" as was done by the judge of the District Court of Bexar County in the Rusin case, Tex.Civ.App., 202 S.W.2d 693, and by the judge of the District Court of Glasscock County in the recent case of R. G. Duke & Son v. Burk, Tex.Civ.App., 233 S.W.2d 617, or refuse to draw the inference, as did the judge of the District Court of Calhoun County in this case. As a practical matter, this would seem to indicate a different rule for different district courts. We are not here concerned with disputed fact issues, but with evidence which is neither rebutted nor contradicted. I see no advantage to be gained by the introduction of the "permissive inference" device into our procedure, relating to cases of this kind, which would in any way compensate for the uncertainties necessarily entailed. I think venue of this case as to all defendants properly lies in Calhoun County and therefore respectfully dissent from the order affirming the judgment appealed from.

On Appellant's Motion for Rehearing.

W. O. MURRAY, Chief Justice.

Appellees in replying to appellant's motion for a rehearing insist that, in view of the uncertainty of Sheriff Fisher's testimony, the trier of facts could construe it as going no further than showing that there was printed on the cab door of the truck-tractor the words "Johnston and Sons." If this be true then Strickland Transport Co. v. Atkins, Tex.Civ.App., 223 S.W.2d 675, 678, is very much in point. There the court said:

"While it is a rule of law in this state that where the name of a concern appears on a truck, or the insignia of a concern appears on a truck, such raises a presumption of ownership of the truck in such concern, we know of no rule that a single word,—as here 'Strickland'—raises a presumption that any particular concern is the owner merely because the word appears in its name. The word 'Strickland' could apply to innumerable concerns bearing the name 'Strickland' as well as to the defendant Strickland Transportation

Company, Inc. Courts may not presume ownership of a truck by mere similarity of names, or base a presumption of ownership on a single word that may constitute a component part of the name of some designated concern."

The argument is made that even though the evidence goes no further than to show that the name on the cab door was "Johnston and Sons," it is to be taken as conclusive of ownership, agency and course of employment unless rebutted, because it is a matter which could be so easily denied by the appellees if not true. The record in this case does not show that this testimony could have been easily denied by appellees. The record does not show that appellees were present at the trial nor that they had any occasion to be there. Neither does the evidence show that they had any intimation that Sheriff Fisher would give this testimony.

■ The very purpose of Rule 86, T. R. C. P., is to make the plea of privilege of a defendant prima facie proof of his right to be sued in the county of his residence and to save him the expense of a trip to a distant county, unless he has reason to believe there will be legal evidence which will call for the overruling of his plea of privilege.

If the rule were otherwise then every defendant would be compelled to be present at the hearing of his plea of privilege for fear some one might testify that his name—"Smith", or "Brown", or "Jones", or "Johnston"—was printed on the door of the automobile which was involved in the collision, and such testimony be taken as conclusive of ownership, agency and course of employment, because he was not present to deny it.

Appellant's motion for a rehearing herein has been carefully considered by us and is overruled by the majority of the Court.

NORVELL, Justice (dissenting).

Leonard M. Fisher, Sheriff of Calhoun County, a wholly disinterested witness, who investigated the collision in line with his duty as a public official, testified with ref-

**544**

erence to the insignia on the truck as follows: ·

"Q Did the cab (of the truck) have any lettering on it? A Yes, sir. As I remember, it was 'W. B. Johnston and Sons, Victoria,' but I know it was 'Johnston and Sons'."

A witness necessarily testifies from his rememberance and to me the testimony quoted seems reasonably positive and definite, and, *certainly, it could have been easily contradicted had it been untrue.* But, whether Fisher's testimony be considered as establishing the fact that the insignia on the truck was "W. B. Johnston and Sons" or "Johnston and Sons," the rule should be the same. The words "Johnston and Sons" are the "outstanding and distinctive words of defendants' business or trade name" and would perhaps make the most lasting impression upon an observer. Vance v. Freedom Oil Works Co., 113 Pa. Super. 280, 173 A. 496; 9 Blashfield (Part 2) 362, § 6053. It should be held that the defendants were called upon to speak and rebut the presumption if the truck were not in fact being used in their business. Reed v. Horn's Motor Express, 123 Pa.Super. 411, 187 A. 275.

Strickland Transport Co. v. Atkins, Tex.Civ.App., 223 S.W.2d 675, is not in point here unless it be assumed that the sheriff's testimony is fraught with "uncertainty." However that may be, I think this case should be decided in accordance with the prevailing American rule on the subject. Nothing except uncertainty is achieved by departing therefrom. I would grant appellant's motion for rehearing and reverse the order appealed from. Reilly v. Buster, Tex.Civ.App., 52 S.W.2d 521; Younger Brothers, Inc. v. Power, Tex.Civ. App., 92 S.W.2d 1147; Green v. Scales, Tex.Civ.App., 219 S.W. 274; Edgeworth v. Wood, 58 N.J.L. 463, 33 A. 940; Presumptions and Third Party Liability in Automobile Accident Cases by James R. Hubbard, 2 Baylor Law Review 432, in which it is demonstrated with abundant citation of authorities that the views contended for in this dissenting opinion are

not only in accordance with the general American rule but also are supported by the weight of authority in Texas.

I respectfully dissent from the order overruling appellant's motion for rehearing.